JAMES SHELLINGTON, Respondent, *v.* GARDNER HOWLAND, Appellant.

The right is given by section 264 of the Code to the justice presiding at a circuit, in all cases of trial by a jury, to reserve the case for further consideration upon the questions of law involved; and the circumstance that a verdict was directed by the court does not take the case out of the provisions of that section.

Plaintiff, a creditor of a manufacturing corporation, commenced an action against it within one year after the maturity of the debt, but was prevented from prosecuting it to judgment and execution by an order of the United States District Court procured by defendant, in proceedings in bankruptcy, commenced by him against the corporation, which order forbade the further prosecution of the action. In an action to charge defendant as a stockholder under the provisions of the act authorizing the formation of corporations for manufacturing and other purposes (chap. 40, Laws of 1848), he claimed that section 24 of said act required the perfecting of judgment against the corporation and return of execution thereon unsatisfied, as a condition precedent to his liability. *Held,* that whatever judicial proceedings were required by said section as a condition precedent to defendant's liability, the taking of such proceedings having been rendered impossible by the paramount law of the United States, put in operation by him, a compliance with the condition was excused.

Whether said section requires, as a condition precedent to an action against a stockholder, that the remedy against the corporation shall be exhausted by the return of an execution against it unsatisfied, *quere.*

Proof of the debt against the corporation in bankruptcy is not a bar to an action thereon against the stockholder.

A transfer of stock valid as between parties, but not consummated in the form required by said statute, *i. e.*, by entry upon the book of registry of stockholders, does not divest the transferrer of liability as a stockholder to the creditors of the corporation.

(Argued June 5, 1873; decided September 23, 1873.)

APPEAL from judgment of the General Term in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought against defendant as a stockholder in the Penfield Paper Company, to charge him with a debt of the company, under the general manufacturing act of 1848. (Chap. 40, Laws of 1848.)

In March, 1870, the plaintiff commenced an action before Alpheus S. Clark, Esq., justice of the peace, against the paper company, for the collection of this debt, claiming judgment for $200 of the amount. Before this action was determined, the defendant, as a creditor of the paper company, instituted proceedings in bankruptcy against it, in which the company was adjudged a bankrupt on the 15th of March; and on the day last named (the defendant), on motion of counsel for the petitioning creditor, an injunction was granted by the District Court of the United States, in which said proceedings were pending, restraining plaintiff from prosecuting any action against the company. Testimony was introduced by the defendant, tending to show that he had ceased to be a stockholder before the plaintiff's claim accrued against the company; but no transfer of his stock appeared on the books of the company. At the close of the case, the court directed a verdict for the plaintiff for the amount of his claim, reserving the case, however, for future consideration, upon which, after full argument, judgment was ordered and entered. The General Term affirmed this

judgment, on condition of the plaintiff's stipulating to reduce the verdict to $200, the amount for which the justice of the peace had jurisdiction, with interest from the time the action before him was brought. The plaintiff so stipulated.

*John Van Voorhis* for the appellant. Plaintiff failed to perform the conditions precedent to his right to prosecute the defendant as a stockholder. (2 R. S. [Edm. ed.], 243, §§ 11, 12.) The bankruptcy proceedings furnish no excuse for a non-performance of the conditions precedent. (Bank. Act, §§ 21, 24.) The return of an execution wholly or partially unsatisfied is indispensable to the prosecution of an action against a stockholder. (*Lindsley* v. *Simonds*, 2 Abb. [N. S.], 69.) Defendant by delivering the certificate of his stock, with power of attorney duly indorsed thereon, made a valid transfer of his stock. (*N. Y. C. and H. R. R.* v. *Schuyler*, 34 N. Y., 79; *Com. Bk. of Buff.* v. *Kortright*, 22 Wend., 348; *Bk. of Utica* v. *Smalley*, 2 Cow., 770; affirmed in Ct. of Errors, 8 id., 398.)

*Theodore Bacon* for the respondent. Plaintiff established his claim against defendant as a stockholder. (*Ex parte Van Riper*, 20 Wend., 616; *Corning* v. *McCullough*, 1 Comst., 47; *Bird* v. *Hayden*, 2 Abb. [N. S.], 61; *Nappier* v. *Mortimer*, 11 id., 455; *Mer. Bk.* v. *Bliss*, 35 N. Y., 412, 416.) Performance by plaintiff of the conditions precedent was excused by the injunction obtained by defendant. (*Lovett* v. *Cornwell*, 6 Wend., 369; *People* v. *Bartlett*, 3 Hill, 570; *Loomis* v. *Tifft*, 16 Barb., 544.) Plaintiff did not waive his right to sue the corporation by proving his claim in bankruptcy. (*Allen* v. *Soldiers, etc., Co.*, 4 B. R., 176; *In re Robinson*, 2 id., 109; *Meyer* v. *Aurora Ins. Co.*, 7 N. B. R., 191; *In re Firemen's Ins. Co.*, 7 Am. L. Reg., 567.)

ALLEN, J. There is nothing in the objection taken to the order of the justice at the circuit reserving the case for further consideration. The order was authorized by section 264 of the Code. The circumstance that the verdict was directed by the justice, there being no disputed questions of fact to be passed

upon by the jury, did not take the case out of this provision of the statute. The right is given to the justice presiding at a circuit, in all cases of trial by jury, to reserve the case for further consideration upon the questions of law involved.

The objection that the plaintiff has not complied with the conditions imposed by statute, upon which his right to an action against the defendant depends, is more serious.

Whether the act regulating and prescribing the liability of stockholders of manufacturing corporations, for the corporate debts (Laws of 1848, chap. 40, § 24), requires, as a condition precedent to an action against a stockholder, that the remedy against the corporation shall be exhausted by the return of an execution against it unsatisfied in whole or in part, is a question not free from difficulty, but we do not find it necessary to consider or pass upon it, for the reason that if the construction of the statute is as contended for by the appellant, we regard the compliance with the condition as dispensed with in this case. The plaintiff did commence his action within the year after the maturing of the debt, as required by the statute, but was prevented from prosecuting it to judgment and execution by the act of the defendant and the operation of the *bankrupt act of the United States*. After the proceedings in bankruptcy against the corporation, commenced by the defendant, it was unlawful for the plaintiff to prosecute his action, and any further proceedings would have been fruitless. (Bankrupt Act of U. S., § 21.) The defendant procured from the District Court of the United States in Bankruptcy an order enjoining and forbidding the further prosecution of the action. The suit was terminated as well by the operation and effect of the bankrupt law, as by the direct and active interposition of the defendant in enforcing the law by the positive sanction of a court of competent and paramount jurisdiction. The action was, in fact, terminated, and a compliance with the condition precedent, imposed by statute, rendered impossible by the paramount law of the United States put in operation by the defendant. When the performance of a condition becomes impossible by

the operation and effect of a statute, that is, becomes illegal, the performance is excused, and the rights of the parties will be preserved. (*Cohen* v. *Mutual Life Ins. Co.*, 50 N. Y., 610; *Semmes* v. *Hartford Ins. Co.*, 13 Wallace, 158; *Hanger* v. *Abbott*, 6 id. 532.)

It is true the act of Congress did not, except as it was put in operation by the commencement of proceedings under it, prevent or make unlawful the prosecution of an action against the corporation to judgment and execution; but when made operative and effectual, a performance of the condition precedent became legally impossible. Although not essential to the validity and sufficiency of the excuse for non-performance, the proceedings in bankruptcy against the corporation were instituted by, and the prosecution of the plaintiff's action enjoined at the instance of the defendant, who thereby himself obstructed and prevented the performance of the condition. He cannot be heard to object that a condition precedent to the right of action has not been performed, the performance of which he has prevented. (Com. Dig., Condition, D. 1.) But it is enough that, without fault on the part of the plaintiff, the effect of judicial proceedings under a paramount law of Congress, an action against the corporation was not only legally impossible, but, if possible, would have been fruitless. (*Lovett* v. *Cornwell*, 6 Wend., 369; *People* v. *Bartlett*, 3 Hill, 570; *Loomis* v. *Tifft*, 16 Barb., 541.)

The commencement of the action against the corporation, and the proceedings therein before the justice, were well proved. The objections now taken were not taken at the circuit, and, if taken, they might have been obviated, and therefore were waived. It was not objected that the process issued was not produced, or the service thereof proved. The jurisdiction of the justice was not questioned at the circuit, and that being assumed, all the other proceedings were regular, and the evidence of them competent.

The proof of the debt against the corporation in bankruptcy did not bar an action against the plaintiff upon his

contingent liability. It did not even bar an action against the corporation after the termination of the proceedings in bankruptcy. (Bankrupt Act, §§ 21, 33, 37.) The proof of the debt was partially equivalent to the commencement and prosecution of an action and a proximate compliance with the condition imposed by statute to the liability of the stockholders, if not a substitute for a literal compliance with such condition. (*In re Robinson*, 2 B. R., 109; *In re Firemen's Ins. Co.*, 7 Am. Law Reg., 567.)

There may have been a transfer by the defendant of his stock to the corporation in 1869, valid as between the parties to the transaction, and sufficient to vest the equitable title in the transferree, but the transfer was not consummated in the form required by statute, so as to affect the rights of strangers, or to relieve the defendant from his legal liability to third persons for the debts of the corporation. The statute requires a book to be kept by the corporation, open to the inspection of stockholders and creditors, showing the names of all stockholders, and the number of shares held by each, and declares that no transfer of stock shall be valid for any purpose whatever, except to render the transferree liable for the debts of the company, until it shall be entered on this book, by an entry showing to and from whom transferred. The transfer of stock, *quoad* the public, is not complete until entered on the book designated by statute. An entry upon the books of registry of stockholders is required for the protection of the company and its creditors, and each may hold the stockholders to their liability as such until they have divested themselves of the title to their shares by a completed transfer, as prescribed by law. No secret transfer will avail to release the stockholder from his obligations, or deprive the creditors of the corporation of the right to look to him as the responsible party liable for the debts of the corporation.

There was no error committed to the prejudice of the defendant, and the judgment must be affirmed.

All concur, except RAPALLO, J, not voting

GROVER, J., concurs in result on ground that defendant, by his own act, prevented a judgment against the corporation, expressing no opinion as to the other propositions discussed.

Judgment affirmed.