ANSONIA BRASS AND COPPER COMPANY, APPELLANT, *v.* GEORGE BABBITT AS SHERIFF OF JEFFERSON COUNTY, RESPONDENT.

*Sheriff — liable for release of levy on property of judgment debtor, on his being adjudged a bankrupt.*

The plaintiff recovered a judgment against one Frink for $346.04, and on the 26th of June, 1873, under an execution issued thereon, the sheriff levied on sufficient personal property to satisfy the execution. After the levy, proceedings in bankruptcy were taken against Frink, and the sheriff released the property levied on and returned the execution unsatisfied. On a suit against the sheriff therefor, he set up as a defense:

1st. That pending proceedings in bankruptcy he (the sheriff) was enjoined from further proceedings on the execution.

*Held*, that this was no defense. For if it applied to the property levied on, the injunction neither commanded or authorized the sheriff to release the same or discharge it from his levy. It simply restrained him from making *any* disposition of it. But it did not apply to the property levied on, as when a levy has been made before the commencement of proceedings in bankruptcy, the possession and legal title are in the sheriff for the purpose of satisfying the process in his

hands, and he had the right to go on and sell the property, being accountable only for the surplus, if any, to the bankruptcy court.

2d. That the plaintiff directed the sheriff to retain the execution till requested to make a return thereof, and subsequently directed him to make a return immediately.

*Held*, that this was no excuse for discharging the property and releasing it from custody, especially as the direction was given upon the sheriff's advice and statement, that he would in the mean time hold his levy.

3d. That the United States marshal, by virtue of a warrant issued to him in said bankruptcy proceedings, and before the return of the execution, took possession of the property levied on.

*Held*, that this was no defense; that the taking by the marshal, even if done against the consent of the sheriff, was without authority and illegal, the sheriff having both the legal title and possession of the property; that, even supposing a yielding up thereof to a *vis major* would have afforded an excuse, the sheriff surrendered the property upon the mere exhibit of the warrant and demand of the marshal. The marshal had no authority to take it, and an application by the sheriff to the District Court which issued the warrant would doubtless have resulted in an immediate release of the property, or of an amount thereof sufficient to have satisfied the execution; and it was the sheriff's duty to have resorted to all reasonable means to protect his levy, instead of surrendering it without objection or remonstrance.

4th. That the plaintiff had proved the claim set forth in the complaint, in the proceedings in bankruptcy, before the commencement of his suit against the sheriff, and a dividend had been duly declared to the plaintiff on such proof of claim.

*Held*, that although section 21 of the bankruptcy act provides that "no creditor proving his debt shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action against the bankrupt, and all proceedings already commenced or unsatisfied judgments already obtained thereon against the bankrupt shall be deemed to be discharged and surrendered thereby," yet the proof of the judgment in the bankruptcy court (admitting it was legally done) did not in any manner affect the liability of the sheriff for the previous unauthorized release of the property levied on. The intent of the section was only to prevent future proceedings against the bankrupt or his estate. The liability of the sheriff for releasing the property was a wholly collateral liability, arising from a breach of official duty, and did not constitute in this case any claim or security which could be enforced by the assignee in bankruptcy, to whom the property levied on had been delivered.

APPEAL from a judgment against the plaintiff entered on the verdict of a jury, under direction of the court.

This action was commenced in June, 1874, and came to trial before Judge HARDIN and a jury, at Jefferson Circuit, November, 1875, when the evidence disclosed the following facts:

In June, 1873, the plaintiff issued to the defendant an execution against the property of one Heman H. Frink, and under it the defendant levied upon property of Frink sufficient to satisfy the execution, on the 26th day of June, 1873.

August 2d, 1873, a petition in bankruptcy was filed against Frink and he was adjudicated a bankrupt August 15th, 1873.

August 4th, 1873, an order of the bankruptcy court was served on the defendant, restraining him, "until the further order of the court, from making any transfer or disposition of any of the property of the said Heman H. Frink."

In consequence of being served with this order, the defendant did not sell the property levied upon, as he had advertised to do.

August 8th, 1873, the defendant wrote to the plaintiff's attorney for permission to retain the execution beyond the sixty days, in order that he might retain his levy, and the attorney replied authorizing him "to retain the execution till requested to make a return."

The defendant (at what precise time was not shown, though it would appear in August, 1873), voluntarily released his levy and surrendered possession of the property to the United States marshal, who demanded and received it by virtue of the general warrant directing him to take the property of the bankrupt, and turned it over to the assignee in bankruptcy early in October, 1873.

November 13th, 1873, the plaintiff made a deposition stating its claim against Frink, which was sent to the register in bankruptcy having charge of Frink's case, and by him on the 12th of March, 1874, handed to the assignee, who, with full knowledge that the plaintiff claimed the lien of a levy and intended to hold on to it, and without requesting a surrender of the lien, made no objection to the deposition being treated as a proper proof of debt, or to permitting the name of the defendant to be entered on the list of those who had properly proved debts against Frink and become entitled to the standing of general creditors in the bankruptcy proceedings.

In September, 1874 (three months after this suit was commenced), the plaintiff made a motion in the bankruptcy court for leave to withdraw or correct its deposition, and the motion was denied.

The plaintiff never took any part in the bankruptcy proceedings, except to make the deposition and ask leave to withdraw or correct it, after hearing that it had been treated as a proof of debt.

Payment of a dividend declared in the bankruptcy proceedings March 12th, 1874, was offered the plaintiff on its claim, May 1st, 1874, on condition of surrendering its lien; but the plaintiff declined to surrender its lien or accept the dividend.

May 18th, 1874, the defendant was requested to return the execution, and on the twentieth he made the following return:

I certify that on the 26th day of June, 1873, I levied the annexed execution on the personal property of defendant, and advertised the same for sale; that before the day of sale, the defendant was put in bankruptcy and I was restrained from further proceedings thereon by an order of the United States District Court for the northern district of New York. I have held said execution until the present time by direction of the plaintiff's attorney, and he now directs me to return the same, nothing having been collected.

The judge directed a verdict for the defendant, and from the judgment entered upon that verdict the plaintiff appealed.

*Marshall P. Stafford*, for the appellant.

*A. E. Kirby*, for the respondent.

TALCOTT, J.:

This is an appeal from a judgment for the defendant on a verdict rendered at the Jefferson Circuit by direction of the court. The plaintiff, in June, 1873, recovered a judgment against Heman H. Frink for $346.04, and on the 25th of June, 1873, by its attorney, issued an execution thereon to the sheriff of Jefferson county. On the 26th of June, 1873, the sheriff levied upon personal property of the defendant sufficient to satisfy the execution, and this action is founded upon the allegation that the sheriff illegally released the property levied upon and returned the execution wholly unsatisfied. The defenses set up are:

First. That after the levy, and on the 2d of August, 1873, a petition in bankruptcy was filed against said Frink in the United

States District Court for the northern district of New York. That on the 15th day of August, 1873, Frink was duly declared a bankrupt; and that after the filing of the petition and pending the proceedings in bankruptcy the defendant was, by the said District Court, enjoined from further proceedings on the execution.

Second. That the plaintiff directed the defendant to retain the execution till requested to make a return thereof, and subsequently directed him to make a return immediately.

Third. That the United States marshal for the northern district of New York, by virtue of a warrant issued to him in said proceedings in bankruptcy, and before the return of the execution, took possession of the property levied on.

Fourth. That the plaintiff proved the claim set forth in the complaint in the proceedings in bankruptcy, before the commencement of this suit, and that a dividend has been duly declared to the plaintiff on such proof of claim. These various defenses were relied upon by the defendant upon the trial, and upon one, or all of them, a verdict was directed for the defendant. The injunction order in the proceedings in bankruptcy is set forth in the case, and for several reasons it affords no justification to the sheriff for releasing the property which had been previously levied upon by virtue of the plaintiff's execution.

First. If it applied to the property levied upon it neither commanded nor authorized the sheriff to release the same or to discharge it from his levy. It simply restrained him from making *any* disposition of it until the further order of the court.

Second. It did not apply to the property which was in the custody of the sheriff by virtue of his previous levy. The law is well settled by numerous decisions that when a levy has been made before the commencement of proceedings in bankruptcy, the possession and legal title are in the officer making the levy for the purpose of satisfying the process in his hands; and he has the right to go on and sell the property, being accountable for the surplus, if any, to the bankruptcy court or its assignee. (Bump on Bankruptcy [8th ed.], chap. 12, p. 206; *Matter of Bernstein*, Nat. Bk. Reg., sup., 43; *Marshall* v. *Knox*, 16 Wall., 551; 8 Nat. Bank. Reg., 104; *Smith* v. *Mason*, 14 Wall., 419.) It would not have been a violation of the mandate of the court in bankruptcy had the sheriff proceeded to sell the

property on the execution. It was not, in law, the property of the bankrupt, except so far as the possible surplus was concerned, as to which he had an equitable interest.

The direction of the plaintiff's attorney to retain the execution till requested to return the same, afforded no excuse for discharging the property and releasing it from custody, especially as this was done upon the advice and request of the sheriff, and the statement that he would, in the mean time, hold his levy. (See the letter of defendant to the attorney for the plaintiff, dated August 8, 1873.) The claim that the United States marshal took possession of the property levied on affords no excuse to the sheriff. The taking of the property by the marshal, even if done against the consent of the sheriff, was without authority and illegal, for the reasons heretofore assigned to show that the injunction order did not apply to the property in the custody of the sheriff under his previous levy. There seems to be no foundation in the evidence for the suggestion that the delivery up of the property to the custody of the marshal was a necessary yielding to a *vis major*, supposing this would have afforded an excuse. The sheriff relinquished the custody of the property upon the mere exhibition of the warrant and upon the demand of the marshal. The marshal had no authority to take the property levied on, and doubtless an application by the sheriff to the District Court which issued the warrant in bankruptcy would have resulted in an immediate release of the property levied on, or at least of an amount thereof sufficient to have satisfied the execution. It was the duty of the sheriff to resort to all reasonable means to protect his levy, instead of which he appears to have surrendered the property without objection or remonstrance. The precise date of the surrender of the property by the sheriff is not stated in the case, but from the proceedings and papers which were put in evidence for other purposes, it seems to be evident that the surrender by the sheriff, and the taking possession by the marshal, must have been in the month of August, 1873. The plaintiff undertook to prove its debt upon the judgment in the bankruptcy court in November, 1873. The liability of the sheriff to the plaintiff was incurred when he surrendered the property levied on, in August. It is claimed that the proof of the debt in bankruptcy released the cause of action against the sheriff. This point, though not the

ground upon which the verdict at the Circuit was directed, seems to present the most serious, and perhaps doubtful, question in the case. The bankrupt law, in the twenty-first section, provides "that no creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action against the bankrupt, and all proceedings already commenced, or *unsatisfied judgments already obtained thereon, shall be deemed to be discharged and surrendered thereby.*"

And the twenty-second section provides that the proof of a debt must set forth whether any, and what, securities are held therefor, or must state that the claimant has not, nor has any person for his use, received any security or satisfaction therefor.

There is no doubt upon the authorities, that if the plaintiff had proved its debt in due form while the sheriff had in his custody the property seized by him upon the execution, it would have been necessary to set forth such facts in the proof of the debt, and the assignee in bankruptcy would be subrogated to the plaintiff's rights in reference to the property so in the custody of the sheriff. But it is to be borne in mind that what is claimed as proof of the debt in the bankruptcy proceedings was not made until long after the sheriff had parted with the custody of the goods levied on, and they had passed under the control, in fact, of the assignee, and the only security which the plaintiff had, so far as the sheriff was concerned, was the collateral liability of the latter for releasing the goods. It is noticeable that the alleged proof of the plaintiff's debt wholly omits to state that he has any security therefor other than that offered by the judgment itself, and wholly omits to pursue the statute by negativing the fact that he, or some one in his behalf, has received security. Waiving, for the present, the question of the defective form of the proof, did the proof of the plaintiff's claim in bankruptcy discharge the right of action against the sheriff? If it did, it so operated by virtue of the provision of the twenty-first section which declares that all unsatisfied judgments shall be deemed to be discharged and surrendered thereby. Upon a careful examination of the provisions of the section it will be seen that the apparent intent of the provisions therein contained are only to prevent future proceedings against the bankrupt, or his estate, and it answers the intent of the

statute to hold that the judgment is to be deemed discharged and surrendered so far as the bankrupt and his estate are concerned, as to any further proceedings thereon against them. An indorser is not discharged by proof of the debt against the maker in bankruptcy. (*Merchants' Nat. Bank* v. *Comstock*, 55 N. Y., 29.) Nor does it discharge one collaterally liable for the same debt. (*Shellington* v. *Howland*, 53 N. Y., 375.) It would hardly be contended that in case the holder of a note had obtained a judgment against both maker and indorser, proof in bankruptcy as against the maker would discharge or surrender the judgment so far as the indorser was concerned.

In *Shellington* v. *Howland* (*supra*) the defendant was held liable as a stockholder of a manufacturing corporation under the statute of this State, notwithstanding the creditor had proved his claim against the corporation. True, in that case the creditor had not obtained any judgment against the corporation, and that circumstance was relied on to defeat the recovery against the stockholders under the statute. The court held, however, that the creditor was excused from the performance of the condition precedent prescribed by the statute, by reason of an injunction which had been issued out of the bankruptcy court restraining the prosecution of the suit against the corporation, but it was not suggested that if the creditor had obtained judgment against the corporation, its surrender and discharge under the twenty-first section of the bankrupt law would have in any manner relieved the stockholder from liability. The liability of the sheriff for releasing the levy in this case was not an element of the judgment in favor of the plaintiff against Frink. It was a wholly collateral liability, arising out of a breach of official duty. It did not constitute, in this case, any claim or security which could be enforced by the assignee in bankruptcy, to whom the property levied on had been delivered. And we think that the proof of the judgment in the bankrupt court did not, in any manner, affect the liability of the sheriff for the previous unauthorized release of the property levied on.

There are some questions arising upon the validity of the alleged proof of the plaintiff's debt; it does not appear that it took any part in the bankruptcy proceedings other than sending to the register the alleged proof, except to move the District Court

for leave to withdraw or correct its proof in bankruptcy, which motion was, for some reason, denied. It had declined to receive the dividend or to assign the judgment. The claim of the defendant is, therefore, that the supposed proof of the debt, *ipso facto,* operated as a discharge of the judgment in a collateral proceeding. It seems to be clear, that in order to have such effect the proof must be a formal compliance with the act of congress as to its form. It has already been noticed that the supposed proof did not comply with the act of congress, in the particular that it did not contain any statement that neither the creditor, nor any one in his behalf, had received any security. Perhaps this omission would not prevent the proof from operating as a discharge of the judgment. But there seems to be a defect in the proof which was fatal to the operation of the bankrupt law upon it, and because of which defect it can be truly said that the plaintiff never did prove its debt. The plaintiff was a corporation in the State of Connecticut. The bankrupt law provides (§ 22) that proof of debts, by or in behalf of a non-resident of the district where the bankruptcy proceeding is pending, must be made before a register in bankruptcy in the district where the creditor resides, or before a commissioner appointed by the Circuit Court.

The supposed proof in this case purports to have been made before a register in bankruptcy in the southern district of New York. It was made by one Jethro W. Wheeler, claiming to be the cashier of the plaintiff, who does not state that his own residence is in the southern district of New York. It would therefore seem that, in fact, no proof was made of the debt according to the provisions of the bankrupt law, and that the mere filing of the paper called proof, not verified according to the provisions of the bankrupt law, was inoperative.

It is quite probable that the bankrupt court could have ordered this mistake to be amended, or that if the plaintiff had taken any action on it he might be estopped. But as it is insisted that the plaintiff has lost its rights by the mere filing of the paper in question, it seems to be a sufficient answer to say that the paper not being *proof of a debt* within the provisions of the bankrupt law, could not, *ex proprio vigore,* operate to discharge the judgment or

levy. We think the judgment should be reversed and a new trial ordered.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment reversed and a new trial ordered, costs to abide the event.