JOSEPH ROSENTHAL AND ADOLPH STRAUSS, APPEL-
LANTS, *v.* JAMES N. PLUMB, RESPONDENT, ETC., IMPLEADED
WITH ANDREW M. FANNING.

*Statute of limitations — running of, stopped during pendency of bankrupt proceedings
— when it is not necessary to show that the bankrupt court had jurisdiction.*

Under section 21 of the bankrupt act of 1867, and section 5105 of the United
States Revised Statutes, no creditor who had proved his debt could commence
or maintain any suit at law or in equity against the bankrupt until the question
of his discharge had been determined, and, under section 105 of the old Code,
the time during which the creditor was so prevented from maintaining any
suit, was not to be counted as a part of the time limited for the commence
ment of an action.

*Uhl* v. *Neubergher* (11 Weekly Digest, 296), distinguished.

Where the pendency of the proceedings in bankruptcy are set up as an answer to
the defense of the statute of limitations, it is not necessary to show that the
Bankruptcy Court had jurisdiction of the proceedings, but it is sufficient to
show that the court entertained the proceedings, and that the bankrupt him-
self made an application for his discharge, and required the court to pass upon
the question of his right to obtain it.

APPEAL from a judgment, entered on the trial of this action before
the court without a jury, dismissing the complaint on the merits,
with costs.

This action was brought by the plaintiffs, who are copartners under
the firm name and style of J. Rosenthal & Co., against the defend-
ants, who, at the time of the commencement of this action, were
the surviving partners of the firm of J. M. & J. N. Plumb & Co.,
upon two causes of action set forth in the complaint; the first upon
a promissory note for $2,975.80 made by the said firm of J. M. &
J. N. Plumb & Co., and the second upon an account for goods sold
and delivered by the plaintiffs to the said firm of J. M. & J. N.
Plumb & Co., amounting to the sum of $248. The fact of the

making of the note and the sale of the goods is found in the findings of facts. The note bears date the 24th December, 1867, was payable five months after date, and became due on the 27th May, 1868. The goods were sold and delivered prior to the 28th November, 1867. On the 29th Frebruary, 1868, the defendant, James N. Plumb, filed in the office of the clerk of the District Court of the United States for the southern district of New York, a petition in bankruptcy, and he was adjudged a bankrupt on the 16th March, 1868. Subsequently he applied for his discharge in bankruptcy, which was refused on the 11th January, 1878. The plaintiffs proved their debt in bankruptcy against the defendant, James N. Plumb, on the 15th May, 1868.

Between the 13th April, 1870, and the 25th April, 1877, the defendant Plumb was absent from the State of New York on five different occasions, as set forth in the sixth finding of facts of the court.

This action was commenced on the 3d day of October, 1878, by the delivery of the summons and complaint therein to the sheriff of the county of Suffolk, which summons and complaint were served on the defendant Plumb on the 7th October, 1878.

The only defense litigated on the trial was the defense of the statute of limitations.

The defendant Fanning has not been served with process in the action.

*William A. Coursen*, for the appellants

*J. K. Hayward*, for the respondent Plumb.

Brady, J. :

It is quite apparent from the preceding statement of facts that the statute of limitations is not a bar to the maintenance of this action, if its commencement was stayed by statutory prohibition.

The Code of Procedure, in existence at the time this suit was begun, by section 105, declared that where the commencement of an action may be stayed by statutory prohibition, the time of the continuance of the prohibition should not be a part of the time limited for the commencement of the action.

The bankrupt act of March 2, 1867, enacted, by section 21, as follows :

" That no creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action and suit against the bankrupt; and all proceedings already commenced, or unsatisfied judgments already obtained thereon, shall be deemed to be discharged and surrendered thereby.

" And no creditor whose debt is provable under this act shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined.

" And any such suit or proceeding shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge."

And this section was replaced in the Revised Statutes of the United States by two sections numbered 5105 and 5106. The former section was a substitute for the first paragraph of the original section* 21, and is as follows :

" No creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action against him ; and all proceedings already commenced or unsatisfied judgments already obtained thereon against the bankrupt shall be deemed to be discharged and surrendered thereby. But a creditor proving his debt or claim shall not be held to have waived his right of action or suit against the bankrupt where a discharge has been refused or the proceedings have been determined without a discharge."

Section 5106, which was a substitute for the second and third paragraphs of section 21, provides as follows :

" No creditor whose debt is provable shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt until *the question of the debtor's discharge shall have been determined ;* and any such suit or proceedings shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge."

---

* See amendment, section 7, chapter 390 of 1874.— [Rep.

It has been justly said that there are two classes of cases provided for by these sections : The first is where the creditor has proven his debt in bankruptcy, and the second where the debt is provable but has not been proved. The course to be adopted by the bankrupt for his protection is different in the two cases. In the first if an action is brought against him directly in face of the bankruptcy proceeding, he may plead the pendency of his proceeding, or the proving of the debt by the creditor, while in the second he must apply to the court in bankruptcy for an order staying the suit to await the determination of his application.

The object of these sections was to prevent the prosecution of a claim against the bankrupt which was provable, whether the debt was proved or not. The plaintiffs having proved their debt, waived their present right of action against him and subjected themselves to the operation of the statute under which they had proceeded in the Bankruptcy Court, and which, as we have seen, expressly declared that a creditor proving his debt should be deemed to have waived all right of action against the bankrupt until the proceedings commenced by the latter resulted in the refusal of a discharge or the determination of the proceedings without a discharge. This is undoubtedly the effect of section 5105, to which reference has already been made. In other words, the act of the creditor, in proving his debt, had the effect of creating a waiver of his right of action until the proceedings in bankruptcy were determined either by a discharge or a refusal to grant it on application. This was expressly decided in the case of *Wood* v. *Hazen* (10 Hun, 362), and this view, though not directly declared as a judgment, is decidedly expressed in the *Ansonia Brass and Copper Company* v. *The New Lamp Chimney Company* (53 N. Y., 122), and *Shellington* v. *Howland* (53 N. Y., 371) ; see, also, *Bump on Bankruptcy* (10 Ed., 113).

Of course the plaintiffs controlled by the rule declared, after having proved their debt in bankruptcy, were precluded not only from prosecuting, but from commencing an action against the defendant Plumb. It is supposed that in the case of *Uhl* v. *Neubergher*, decided in the Court of Common Pleas, and reported in 11 Weekly Digest, 296, a different view was taken of these statutes. That case was unlike this, it would seem, because it does not appear that the plaintiff proved his debt. In the opinion of the court it

is said that it was evident, when the case was begun, that the plaintiff was not aware that the defendant was in bankruptcy, or that he did not suppose that he was prohibited from bringing the suit. The sections of the statute which have been recited, show that there is a difference between creditors who have proved their debts and those who have debts provable. In that case the court also stated that the intent of the bankruptcy act seemed to be that, unless the creditor was enjoined, he could bring his action, and that the mere adjudication in bankruptcy was not of itself an injunction against the bringing of an action. This view may be entertained with reference to such a case, where the debt was not proven in bankruptcy, but provable only. This decision, therefore, is not regarded as controlling, or, indeed, decidedly in point, the plaintiff here having proved his debt, and the question being whether the bankrupt can avail himself of the statute of limitations, which he has created by his own acts. In *Wood* v. *Hazen* (*supra*), this court decided that the mere adjudication of bankruptcy was of itself an injunction against the bringing of an action. And in the case of *Shellington* v. *Howland* (*supra*), the court said : " After the proceedings in bankruptcy against the corporation commenced by the defendant, it was unlawful for the plaintiff to prosecute his action, and any further proceeding would have been fruitless. * * * The suit was terminated as well by the operation and effect of the bankrupt law, as by the direct and active interposition of the defendant in enforcing the law by the positive sanction of a court of competent and paramount jurisdiction. The action was in fact terminated, and a compliance with the condition precedent, imposed by the statute, rendered impossible by the paramount law of the United States put in operation by the defendant."

It is not necessary to consider the proposition that the court in bankruptcy had no jurisdiction of the application made by the defendant. It is enough that the court entertained the proceeding, and that the bankrupt himself persisted in its continuance, making his application for a discharge, and demanding that the court should pass upon the question of his right to obtain it. This was done by Justice BLATCHFORD, who, for reasons assigned by him, to which it is not necessary to refer particularly, declined to give him his discharge. But, as an abstract proposition, it must be held that the

question of jurisdiction cannot be permitted to interfere with the operation of the statute, inasmuch as it expressly prohibits any proceeding against the bankrupt other than in the bankruptcy proceedings, until the discharge has been refused, or the proceedings determined without a discharge. As long, therefore, as the bankrupt maintained his proceeding the prohibition continued, and continued by his own act. In this case it continued until 1878, when his application for a discharge was finally decided against him. Without reference to the particular facts in the case of *Uhl* v. *Neubergher*, and assuming that case to have decided the question in favor of the respondent, we nevertheless feel bound to follow the decision of this court in *Wood* v. *Hazen*, sustained as it is thought to be by the Court of Appeals in the other cases to which reference has been made.

For these reasons we think the judgment should be reversed and a new trial ordered.

Davis, P. J., and Daniels, J., concurred.

Judgment reversed, new trial ordered, with costs to abide event.