CLARENCE C. ANDREWS, Admr., *vs.* FRANCIS L. O'REILLY.     25  231,
                                                          d27  126.

PROVIDENCE—MAY 29, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Stockholders' Liability.  Corporations.  Debt.  Pleading.  Executions.*

A declaration in an action of debt, under Gen. Laws cap. 180, § 22, against a stockholder of a manufacturing corporation to enforce the liability of the stockholder for the debts of the corporation, which alleges that at the time of the rendition of the judgment the corporation was insolvent and did not have property upon which an execution could have been levied for the satisfaction of the judgment against it, is not demurrable.

The thing involved is the impossibility of recovering the judgment from the principal debtor; and while the return of an execution unsatisfied is the best proof of such fact, the plaintiff may show the impossibility by other methods.

DEBT under statute.  Heard on demurrer to declaration, and demurrer overruled.

DOUGLAS, J.  This is an action of debt brought under the provisions of Gen. Laws cap. 180, § 22, against the defendant as a stockholder of the Woonsocket Opera House Company, which is alleged to be a manufacturing corporation, upon an unsatisfied judgment recovered by the plaintiff's intestate against said company, it being alleged that said company failed to make the annual return prescribed by law for the year 1898.  The declaration further alleges that at the time of the rendition of said judgment the said corporation was insolvent and did not have property upon which an execution could have been levied for the satisfaction of the judgment obtained against it.

The defendant demurs to the declaration on the ground that in order to enforce a stockholder's liability against the defendant it is necessary to show that an execution has been taken out on the judgment against the corporation and has been returned unsatisfied, which is not alleged.

The plaintiff contends that this is unnecessary.  He asserts that this action of debt is given by the statute in substitution for the remedy previously existing of levying an execution issued against the corporation directly upon the property of a stockholder, and that the creditor immediately upon obtaining his judgment against the corporation may issue his writ against the stockholder.

It seems that this view was taken by the court *In re Penniman*, 11 R. I. 333.

The court was divided upon the question of the constitutionality of the change in the law, but three of the judges discuss the new provisions and two of them concur in the view that the new remedy is available immediately.  Judge Potter says, p. 349:  "It leaves his property open to attachment and his person to arrest in the new action which it gives against him personally, and interposes no delay other than necessarily attends all litigations."  Judge Stiness, page 351, says the new law does not withdraw any of the debtor's prop-

erty from the obligation of the contract; . . . "it is liable at once to be levied on to answer to the judgment against the corporation," etc.

Judge Durfee, who considered the alteration of the remedy so great as to constitute an impairment of the obligation of the contract, does not hint that the meaning of the law is different from that expressed by his associates.

It does not seem to have occurred to the court that the change of relation between the corporation and the stockholder was more radical in this respect than in any other. Under the old law the stockholder was practically treated as a copartner with the corporation; after the alteration he very soon became recognized as occupying the position of a surety only, and as such became entitled to have the property of the principal debtor first applied to the extinguishment of the debt.

In *Third National Bank* v. *Angell*, 18 R. I. 1, this principle is recognized in an action of debt on judgment. In *Allen* v. *Arnold*, 18 R. I. 809, it is directly decided in a suit in equity, and the reason assigned is "that the primary liability is that of the corporation, that of the stockholders being merely secondary," a reason applying as well to the action at law as the suit in equity.

These cases have been uniformly followed since they were decided.

*Kilton, Warren & Co.* v. *Prov. Tool Co.*, 22 R. I. 605, 610, 611, 612, which was a suit in equity; *Elsbree* v. *Burt*, 24 R. I. 322, which was an action of debt.

The rule then may be considered as settled that neither the suit in equity nor the action at law to enforce the stockholder's liability can be commenced until the creditor has exhausted his remedies against the corporation. Up to this point the parties do not seriously disagree, but here they differ. The defendant contends that the plaintiff has not exhausted his remedy until he has given his execution to the sheriff to levy, and received it back with the return *nulla bona*. The plaintiff argues that his remedy is exhausted when it appears by any other proof, as well as by the sheriff's return, that the corporation is insolvent and has no property which can be taken in execution.

The decisions of this court in the somewhat analogous cases of creditors' bills brought to reach equitable assets emphasize the question, but do not answer it. Thus it is said in *Ginn* v. *Brown*, 14 R. I. 524, 527: "The reason of the rule requiring judgment to be obtained at law is that legal claims are properly cognizable in the first instance only in courts of law. Mere insolvency, therefore, does not dispense with the necessity of obtaining a judgment before a resort to equity. Whether or not it will dispense with the necessity for the issue and return of an execution is a question upon which the cases are conflicting." In *Stone* v. *Westcott*, 18 R. I. 517, it was not alleged that the defendant was insolvent. ⌊In *First Nat'l Bank of Shreveport* v. *Randall*, 20 R. I. 319, the court say: "We regard the rule as settled in this state that the best and conclusive evidence that the debtor has no other property is the return of an execution unsatisfied."

While these decisions apply the rule with great strictness, they do not say that where the best evidence is not attainable secondary evidence may not be admitted. Neither do they apply directly as precedents to the question before us. In these cases, as in the case at bar, the question is whether legal remedies have been exhausted, but the inquiry is made for a different purpose: Where the general equity jurisdiction is invoked to supplement the common-law jurisdiction, allegations of diligence in the primary use of legal remedies may be required which are not necessary in a declaration at common law, or where the resort to equity is given by the statute.

(1) We think in the action to enforce the stockholder's liability it is sufficient to allege that the creditor has exhausted all remedies which could have been fruitful, and not necessarily all remedies of mere form.

The remedy of attempted levy of an execution, when it is certain in advance that nothing can come of it, is not required by the reason of the rule. The plaintiff here has alleged that a judgment against the corporation is unsatisfied because the corporation is insolvent and has no property on which an execution can be levied. If he proves this at the trial, why should he not recover his debt of the stockholder? The best and con-

clusive proof of the fact that the corporation has no property
is the return of an officer to that effect; but he may be able to
offer other proof which will be convincing. The thing involved
is the impossibility of recovering the judgment from the prin-
cipal debtor; the means by which this impossibility is demon-
strated are of minor consequence. Even where the statute ex-
pressly provided that "no suit shall be brought against any
stockholder," etc., "until an execution against the company
has been returned unsatisfied in whole or in part," it was held
by the Supreme Court of the United States in *Flash* v. *Conn.*,
109 U. S. 371, following *Shellington* v. *Howland*, 53 N. Y.
371, that an adjudication in bankruptcy of the company ex-
cused a compliance with this condition. Mr. Justice Woods,
who delivered the opinion, says, p. 380: "The object of sec-
tion 24 was to compel the creditor to exhaust the assets of the
company before seeking to enforce the liability of the stock-
holder. When the declaration shows that this was done and
that a literal performance of the condition would have been
vain and fruitless, the performance of the condition may well
be held to have been excused.

"Proceedings against the corporation are not required as a
condition precedent to the right to charge the shareholders in-
dividually, when they would be impossible or nugatory." Mor-
awitz Private Corp., section 883; Cook on Stock and Stock-
holders, section 219, p. 281, n. 2, and cases cited.

In *De Camp* v. *Levoy*, 19 Ohio Cir. Ct. 335, where the pe-
tition contained an averment that "the said company is ut-
terly insolvent and has no assets of any description whatever,
real or personal, on which an execution could be levied, or out
of which the said debt to the plaintiffs could be satisfied," the
court say: "It would seem, therefore, to be unnecessary and
futile to require the plaintiffs to first obtain judgment and is-
sue an execution before proceeding against the stockholders."
*Younglove* v. *Lime Co.*, 49 Ohio St. 663.

The demurrer is overruled.

*Edward D. Bassett*, for plaintiff.
*Comstock & Gardner*, for defendant.