WHEELER v. WERNER et al.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1910.)

PRINCIPAL AND SURETY (§ 127*)—DISCHARGE OF SURETY—RELEASE OF PRIN-
   CIPAL.
   In an action by the receiver of an insolvent bank to recover the amount
   of a certain share of stock of which defendant was record owner, it ap-
   peared that another had the equitable title. It was insisted that, though
   defendant was liable under Banking Law (Laws 1892, c. 689) §§ 52, 53, his
   liability was that of a surety, and that a certain release which had been
   given the principal released him. The principal was the equitable owner
   of 50 shares, and a receipt was given him acknowledging payment of
   $1,000, to be in full discharge of any judgment that might be recovered,
   but expressly reserving the right to proceed against the record holders.
   Held, that this agreement did not discharge the defendant.

   [Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 352;
   Dec. Dig. § 127.*]

Appeal from Special Term, Erie County.

Action by Albert J. Wheeler, as receiver of the German Bank,
against Paul Werner and others. From a judgment for plaintiff (121
N. Y. Supp. 681), the defendant named appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
KRUSE, and ROBSON, JJ.

Vernon Cole, for appellant.
Thomas C. Burke, for respondent.

ROBSON, J. Plaintiff's judgment is based upon defendant's liabil-
ity as the record holder of one share of stock of the German Bank,
having a par value of $1,000. The German Bank was organized in
1871 under the state banking laws, and had a capital stock of $100,000,
divided into 100 shares of $1,000 each. It continued to do business
at Buffalo, N. Y., until December 5, 1904. Later in that month it
was duly adjudged to be insolvent, and plaintiff was duly appointed
receiver of its property. The assets of the corporation proved defi-
cient by more than $1,000,000 for the payment of its debts and lia-
bilities, exclusive of its capital stock. From August 4, 1904, down
to the time of the dissolution of the corporation, defendant Werner
appeared upon the books of the corporation as the holder of one share
of stock. He was the record holder thereof, but the court has found
that prior to December 5, 1904, Werner had indorsed the certificate
representing his share of the stock to Richard Emory as agent for
Arthur E. Appleyard, and that thereupon Appleyard became the owner
in fact of said one share of stock.

Werner, as the record holder of the share of stock, was liable to
plaintiff to the extent of its full par value. Section 52 of the banking
law (chapter 689, Laws 1892, as amended by chapter 441, Laws 1897)
and section 53. Section 29 of the stock corporation law (chapter 564,
Laws 1890, as amended by chapter 688, Laws 1892, chapter 128, Laws
1900, and chapter 354, Laws 1901). Shellington v. Howland, 53 N. Y.
371, 376. That Appleyard as the owner in fact of this share was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

under the statutes above referred to also liable to the same extent seems equally clear. But it is contended that, even though this be the case, the actual relation between Appleyard and Werner touching this liability was that of principal and surety, respectively, and that plaintiff after beginning this action to enforce this liability against both Appleyard and Werner for a valuable consideration paid on behalf of Appleyard released him from liability as the actual owner of the stock, and that Werner, the surety, was for that reason also released. A reference to the facts in relation to the settlement of the claim against Appleyard will show that this claim is not tenable, even though it be conceded that the relation of Appleyard and Werner was that of principal and surety. After this action was begun, a proposition of settlement was made in behalf of Appleyard which the receiver was thereafter on his application duly authorized by order of the court to accept. The effect of the order so far as Appleyard's liability as stockholder was concerned was to authorize and direct plaintiff upon receipt of $1,000 to execute and deliver to Appleyard a receipt for that sum "to be applied by said receiver in full settlement and satisfaction of any judgment which may be recovered by said receiver against said Appleyard upon his stock liability," the receipt, as was further provided, to be in such form as the receiver might by counsel be advised. This reservation as to the form of receipt to be given by the receiver disposes of the suggestion of appellant's counsel that the only receipt he was authorized to give was one discharging Appleyard from all liability. In any event, the receipt seems to have been in form satisfactory to Appleyard and was accepted by him.

The liability which the receiver sought in this action to enforce against Appleyard was as the owner in fact not alone of the single share of stock in the name of Werner, but 49 other shares standing in the names of other defendants. So that Appleyard's apparent liability as stockholder was for the sum of $50,000. Plaintiff was paid the $1,000, and gave an acknowledged receipt under seal therefor. This action was then pending against Appleyard, as well as the other defendants. No judgment against him has ever been taken, though the right to take judgment was reserved by the terms of the receipt. The right of plaintiff to discontinue the action against him was also reserved. We need not determine whether, in the event plaintiff had taken judgment against Appleyard, the receipt would have operated at once as a discharge of the judgment notwithstanding the fact that plaintiff's cause of action and the right to prosecute the same against the other parties to the action, including, of course, the defendant Werner, were expressly reserved by the terms of the receipt. Nothing appears in the receipt by which plaintiff was required to prosecute the claim against Appleyard to judgment. He could do this if he chose, or he might at his option do nothing further in the action as to Appleyard's liability, or he might discontinue the action as to him. Appleyard could not require him to take judgment, and then discharge it. Until plaintiff actually prosecuted the action to judgment against Appleyard, he was not entitled to demand an absolute discharge. Plaintiff in express terms, appearing in the receipt, reserved his right of action and right to prosecute the same against all the other defendants.

If he chose to discontinue the action against Appleyard, or, as he seems to have done, decided not to prosecute the action against him, at most the effect of the exercise of that choice of action reserved in the receipt would have been to fix the agreement as a covenant not to further prosecute Appleyard on the liability. Such an agreement would not discharge Werner. Brandt's Suretyship and Guaranty (3d Ed.) § 165; Calvo v. Davies, 73 N. Y. 211, 217, 29 Am. Rep. 130; Morgan v. Smith, 70 N. Y. 537, 545; Hubbell v. Carpenter, 5 N. Y. 171, 177. The same principle is recognized and applied in case of a release of a joint debtor or joint tort-feasor. Gilbert v. Finch, 173 N. Y. 455, 463, 66 N. E. 133, 61 L. R. A. 807, 93 Am. St. Rep. 623.

Judgment affirmed, with costs. All concur.