JOSEPH A. BRODERICK, as Superintendent of Banks of the State of New York, Plaintiff, *v.* ESTHER POMERANTZ, Defendant.

Supreme Court, Schenectady County, April 20, 1933.

*George B. Smith,* for the plaintiff.

*Louis Lieberman,* for the defendant.

ALEXANDER, J. Plaintiff, as Superintendent of Banks of the State of New York, sues to enforce the statutory liability of a stockholder of the Capitol Trust Company, a banking institution in the city of Schenectady, of which he assumed charge for the purpose of liquidation of its assets on September 21, 1931. Defendant denies the status of stockholder.

The facts are undisputed. Pursuant to section 80 of the Banking Law, plaintiff levied an assessment against the stockholders of the bank to the full extent of their liability. Up to about May, 1930, defendant was the owner of ten shares of its capital stock. Some time during that month she sold it through an Albany bank. The sale was consummated by her husband, who acted for her throughout. He testified he was informed of the purchaser's name at the time of sale. It is not clear whether he had in mind the name of the actual purchaser or the broker through whom his bank acted, but that is immaterial. Within a month after the sale he had a conversation with the president of the Capitol Trust Company, during the course of which he spoke of the sale of defendant's stock and asked the removal of her name from the bank records as a stockholder. The name of the purchaser was not disclosed. The official

told him when the certificate was surrendered it would go through the regular process of transfer on the bank records as all stocks did. She made no further inquiry of the bank and no effort to obtain the name of the purchaser or production of the certificate. The bank was never informed of the purchaser's name and the certificate has never been surrendered for transfer upon the books, with the result that at the time of closing defendant still appeared upon the bank records as owner of these ten shares.

Upon these undisputed facts each party asserts a right to judgment. The sole question for determination is whether defendant was a stockholder of this institution at the time of its closing within the meaning of the statute imposing the liability. Section 206 of the Banking Law, so far as material, provides: "The stockholders of every trust company shall be individually responsible * * * for all contracts, debts and agreements of the trust company, to the extent of the amount of their stock therein. * * * The term ' stockholder ' as used in this section shall apply to:

"Such persons as appear by the books of the trust company to be stockholders."

There is no question that defendant appeared upon the books of the bank as the record owner of ten shares of stock. Ordinarily under these circumstances she would be liable for the assessment even though she had sold her stock. (*Matter of Empire City Bank*, 18 N. Y. 199; *Wheeler* v. *Werner*, 140 App. Div. 695; *Van Tuyl* v. *Robin*, 160 id. 41; *Richards* v. *Robin*, 175 id. 296.) Defendant contends, however, she has absolved herself of liability by reason of her attempt to have the transfer registered upon the books of the bank. This merely amounted to her husband informing the president that her stock had been sold without giving the name of the purchaser. The bank was never informed of the purchaser's name nor was the certificate ever surrendered for transfer. Under these conditions of course no transfer could be made on the books. She relies upon the case of *Richards* v. *Robin* (178 App. Div. 535) as authority for the proposition that where a shareholder of a bank has done all that a prudent and careful business man should do, he will not be held responsible for the neglect and carelessness of an officer of the bank in failing actually to register the name of the transferee on the books of the bank. Assuming that to be substantially the rule as laid down by the case cited it is quite evident defendant failed to comply with it. Whether the certificate representing her stock was transferred in blank does not appear but at any rate it was within her power to know or ascertain the name of the purchaser or to make some provision upon the sale whereby the transfer could be made upon the record or to put the bank in possession of information sufficient to enable it to effect the transfer on the

books. She is chargeable with knowledge of the law making her liable for an assessment while she appeared as a record owner and she permitted upwards of a year to pass without making inquiry as to whether the transfer had been effected. How could she expect the official in question to make a transfer when the name of the purchaser was not given? How could she expect her name to be removed from the records as a stockholder without a substitution? Her agent was expressly told by the official that when the certificate reached the bank it would go through the regular routine of all stock transfers. Thus she knew that perfection of the transfer on the books depended upon the appearance of the certificate at the bank. She must have known whether she transferred the certificate in blank and that if she did, it would mean little or nothing to the bank to disclose the name of her immediate transferee because the holder might change from time to time. Again when learning from the bank that the surrender of the certificate was apparently necessary to complete a transfer she made no further effort to ascertain the name of the holder and in fact did nothing to facilitate or render possible the transfer upon the books. The facts of this case are clearly distinguishable from those in the case upon which defendant relies. In that case the stock was sold to an officer and director of the bank and the shareholder upon inquiry was informed by a bank official that the transfer had actually been made upon the books of the bank. In view of that there was nothing further which the shareholder could be called upon to do.

Of course defendant was not the actual owner of this stock at the time the assessment was levied and it is not apparent who was, but with the multitude of business transactions of modern times, involving countless sales of stock often by means of transfer of certificates in blank so that the owner may change from day to day by simple delivery of the certificate without knowledge on the part of the corporate officials, banks and corporations generally must of necessity have some definite method of knowing or recognizing the holders of their stock. Hence it is a rule of almost universal application that for voting purposes and the distribution of dividends stockholders of record are the ones recognized. Had a dividend been declared by the Capitol Trust Company between May, 1930, and September, 1931, defendant would have been the one entitled to it so far as the ten shares here involved are concerned. Why should a different rule obtain in the case of an assessment? By virtue of the circumstances of this case defendant was clothed with title to the advantages, and by the same token, in the absence of reasonable diligence to effect a transfer upon the bank records, should not be heard to repudiate the disadvantages.

Plaintiff is entitled to judgment, with costs.