Wilkinson agt. The North River Construction Company.

## SUPREME COURT.

JOHN WILKINSON agt. THE NORTH RIVER CONSTRUCTION COMPANY and ASHBEL GREEN, receiver thereof, &c.

*Receiver — Order restraining, bringing or prosecuting proceedings, or in any manner interfering with assets — Effect of, on claimants not a party to action — Motions which must be made in first judicial district — Code of Civil Procedure, sections* 602 *to* 635, 769, 1806, 1810, 1812, 1781 *to* 1803, 1885, 1886, 1681, 1787, 1940, 2265, 2451.

Motion by plaintiff or claimant to commence an action against G., as receiver of the North River Construction Company, for the foreclosure of a mechanic's lien filed in the clerk's office of Oneida county. On the 14th of January, 1884, this court at special term thereof held in the

first judicial district, appointed G. receiver of said construction company in an action brought by one W. a stockholder, against said construction company as defendant. G. had been previously appointed such receiver by a court of chancery of the state of New Jersey. On February 7, 1884, the special term in first district made an order in said W. case, restraining all persons from bringing or prosecuting any such proceedings against the construction company or in any manner interfering with its assets until the further order of the court:

*Held*, that the motion could not be made until the order of February seventh was vacated or modified.

The order is valid and binds the plaintiff, as claimant in this action, precisely as if he were an actual party to the action in which that order was made.

An application to vacate or modify such order and for leave to sue the receiver might be joined in one motion, but such a motion could only be made in the first judicial district.

*Oneida Special Term, February,* 1884.

MOTION by plaintiff or claimant to commence an action against Ashbel Green, as receiver of the North River Construction Company, for the foreclosure of a mechanic's lien, filed in the clerk's office of Oneida county on the 21st day of December, 1883.

The petition, which is entitled as above, alleges the appointment of Ashbel Green as receiver of the North River Construction Company, a corporation organized under the laws of the state of New Jersey, and that thereupon said receiver succeeded to all the right, title and interest of said company. That John Wilkinson, the petitioner, has the claim amounting to $717.93 against the Holmes Brothers, as contractors with said construction company, for labor performed and material furnished for the erection of a passenger freight depot at Vernon in the county of Oneida.

That the New York, West Shore and Buffalo Railroad Company, a corporation organized under the laws of New York and New Jersey, is the owner of said depot building and of the land upon which the same stands; that the construction company was the contractor with the railway com-

Wilkinson agt. The North River Construction Company.

pany for the erection of said building, and that said receiver is made a party to this action for the complete determination of all rights or equities between said owner, contractor and claimant.

The petitioner further alleges that "this action is com- menced to enforce a lien against the buildings of said railway company," and that no personal claim is made against the receiver of the construction company.

In opposition to this motion affidavits were read showing that on the 14th of January, 1884, this court, at a special term thereof, held in the first judicial district, appointed Ashbel Green receiver of said construction company, in an action brought by Charles E. Woerishoffer, a stockholder, as plaintiff, against the North River Construction Company as defendant.

That the same person had been previously appointed such receiver by a court of chancery of the state of New Jersey.

It also appeared that on the 7th day of February, 1884, the special term in first district made an order in said Woerishoffer's case restraining all persons from bringing or prosecuting any such proceedings against the construction company, or in any manner interfering with its assets until the further order of the court.

The principal office of the construction company has always been located in the city of New York.

The receiver says, in his affidavit, that the state of account between the construction company and the railway company is such as to require a long, tedious and expensive accounting to determine what balance is due from the latter to the former.

*Judson & Tracey*, for motion.

*C. B. Alexander*, opposed.

VANN, *J.* — Judge GREEN was apparently appointed under the power conferred by section 1810 of the Code of Civil

Wilkinson agt. The North River Construction Company.

Procedure. By the third subdivision of that section the court is authorized to appoint a receiver of the property of a corporation in an action brought by a stockholder to preserve its assets. This section, which applies to both foreign and domestic corporations (*sec.* 1812), is the only one authorizing the appointment of a receiver for a corporation created under the laws of another state.

Section 1806, which authorizes an injunction to restrain creditors from bringing actions does not apply to section 1810, but only applies to actions brought as prescribed in articles 2, 3 and 4 of title 2, chapter 15, or sections 1781 to 1803, inclusive. Article 2, which includes sections 1781 to 1784, authorizes actions against the trustees, directors, managers or other officers of a corporation to regulate and control their conduct, but does not authorize any action against the corporation itself.

Articles 3 and 4, sections 1784 to 1804, apply only to domestic corporations or those created by or under the laws of this state. It is apparent from reading sections 1885 and 1886 together, that the order of the special term in the first district, granted February seventh, cannot be regarded as an injunction order made under section 1806. As an injunction order proper no authority can be found in the Code (*Secs.* 602 *to* 635, 1681, 1787, 1806, 1809, 1876, 1940, 2265 *and* 2451).

It does not follow, however, that the order was invalid even if it was not expressly authorized by statute. The power to appoint a receiver implies the power to adequately protect him. An attack upon the receiver, who is merely the creature and agent of the court, is an attack upon the court itself. It has accordingly been held that the court appointing a receiver of the property of the corporation has the power to stay further proceedings in an action then pending against such corporation upon motion and without a suit commenced for that purpose (*Attorney General* agt. *Guardian Mutual Life Ins. Co.*, 77 *N. Y.*, 272, 276).

The appointment of such receiver is for the benefit of all

creditors and is in the nature of a judgment for all. It is binding upon them all, even if none of them are named as parties or in any way assent to it. They therefore become subject to the order of the court to the same extent as if they were parties to the record in the action in which the receiver was appointed.

The receiver is their representative and through him they become parties to the action. As was said by judge ANDREWS in delivering the opinion of the court in the case last cited:

"The creditors are parties to the proceedings for the dissolution and winding up of the corporation *through the receiver*, and as such are subject to the control of the supreme court and may be restrained from any interference with the assets in the hands of the receiver or with his administration of the affairs of the corporation."

If the court can, by an order made in the original action, restrain a creditor from prosecuting a suit already commenced, it can, by a like order, restrain a creditor from commencing an action. If it can by a special order restrain one creditor it can by a general order restrain all. Such an order is not an injunction under the Code, but an order staying the proceedings of a party. It forbids all from interfering with the property which the court, through its officers, holds for the benefit of all.

It follows that the order of February seventh, made at Special Term in the city of New York, is valid, and binds the plaintiff, as claimant in this action, precisely as if he were an actual party to the action in which that order was made. The following authorities are cited in support of this conclusion: *Attorney General* agt. *Guardian Life Insurance Company* (77 *N. Y.*, 272, 276, 277); *Thompson* agt. *Brown* (4 *John. Ch.*, 619, 643); *Noe* agt. Gibson (7 *Paige*, 513); *Angel* agt. *Smith* (9 *Vesey, Jr.*, 335); *In re Heming* (2 *Paige*, 316; 2 *Story Eq. Jur.*, secs. 833, 891; *Barb. Ch.*, 73).

The claimant is not a creditor of the construction com-

pany in the ordinary sense of the term; and he expressly states in his petition that he makes no personal claim against the receiver. This, however, cannot relieve him from the effect of the restraining order, because his lien can only be worked out through the construction company. He has no lien upon the railway company, except to that extent that it is indebted to the construction company. That debt, subject to the lien, belongs to the receiver, who holds it for the benefit both of the claimant and the creditors of the construction company.

This motion cannot, therefore, be made until the order in question is vacated or modified. An application for such relief and for leave to sue the receiver might be joined in one motion. Such a motion, however, could only be made in the first judicial district (*Code of Civil Procedure, sec.* 769).

The motion is denied, but, as the practice is unsettled, without costs.