MERRITT A. JONES, Respondent, v. CHARLES H. BUTLER, Appellant.

In an action against a stockholder of a limited liability corporation, organized under the Business Corporation Act of 1875 (Chap. 611, Laws of 1875), to enforce the liability imposed by the provision of said act (§ 37) declaring that the stockholders of such corporation shall be individually liable for its debts until the whole amount of its capital stock has been paid in and a certificate thereof has been recorded "in the office of the secretary of state and of the county in which the principal business office of such corporation is situated," the answer set forth, in substance, that within the time prescribed by law, and more than four years before the commencement of the action, the entire capital stock was paid in, and a certificate setting forth that fact was filed with the secretary of state. ( ⌐ demurrer to this portion of the answer, *held*, that as the statute was defective in its specification of the county office where the certificate was to be recorded, the fact that it was not recorded in the county clerk's office did not, under the circumstances, impose the liability; that there was a substantial compliance with the provision of the statute; and so, that the demurrer was properly overruled.

(Argued April 22, 1895; decided April 30, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 11, 1894, which affirmed an interlocutory judgment in favor of plaintiff entered upon an order of Special Term sustaining a demurrer to parts of defendant's answer.

The facts, so far as material, are stated in the opinion.

*George C. Holt* for appellant. The repeal of the Business Act of 1875, and of all provisions of law requiring a certificate of the payment of capital stock to be filed in any public office by the acts of 1892, amending the General Corporation Act and the Stock Corporation Act, bar this action. (Laws of 1875, chap. 611; Laws of 1892, chap. 688, § 34; *Butler* v. *Palmer*, 1 Hill, 324; *People* v. *Livingston*, 6 Wend. 526; *Knox* v. *Baldwin*, 80 N. Y. 610; *Coffin* v. *Rich*, 45 Maine, 507; Suth. on. Stat. Const. § 163; *People* v. *Suprs.*, 67 N.

Y. 109; *Comm.* v. *Beatty,* 1 Watts, 382; *Hampton* v. *Comm.,* 19 Penn. St. 329; *Hirschfeld* v. *Bopp,* 145 N. Y. 84.) The Business Act of 1875 did not require a certificate of payment of capital stock to be recorded in the county clerk's office. (Laws of 1875, chap. 611, § 37; *Chase* v. *Lord,* 77 N. Y. 1.) The omission to file a certificate of payment in one of two public offices, through clerical inadvertence, did not make the defendant liable. (*Veeder* v. *Mudgett,* 95 N. Y. 295; *Whitney* v. *Cammann,* 137 id. 342.) The fact that no action was brought upon the debts sued on within two years after the debts became due bar the action. (*Shellington* v. *Howland,* 53 N. Y. 371; *Kincaid* v. *Dwinelle,* 59 id. 548; *Hardman* v. *Sage,* 124 id. 25; *Hunting* v. *Blun,* 143 id. 511; *Hirschfeld* v. *Bopp,* 145 id. 84.)

*Henry L. Brant* for respondent. This action is not barred, nor are the rights of the plaintiff, or the liability of the defendant therein, affected by the Corporation Laws of 1890 and 1892. (Laws of 1890, chap. 564, § 70; Id. chap. 567, § 21; Laws of 1892, chap. 687, §§ 34, 71, 22, 35; *N. T. W. Co.* v. *Gilfillan,* 124 N. Y. 302, 307; *Buckley* v. *Whitcomb,* 121 id. 107, 109; *Cochran* v. *Wiechirs,* 119 id. 399, 402; *Wiles* v. *Suydam,* 64 id. 173; *Lowry* v. *Inman,* 46 id. 118; *Flash* v. *Conn.,* 109 U. S. 371; *Corning* v. *McCullough,* 1 N. Y. 47; *Story* v. *Furman,* 25 id. 214.) The Business Act of 1875, section 37, required a certificate of the payment of capital stock to be recorded in the office of the clerk of the county in which the principal business office of the corporation was situated. (*Jones* v. *M. & E. P. Co.,* 80 Hun, 368; *People* v. *Hoffman,* 97 Ill. 234; *State* v. *Brandt,* 41 Iowa, 593; *Haney* v. *State,* 34 Ark. 263; *Ex parte Hedley,* 31 Cal. 108; *Rolland* v. *Comm.,* 82 Penn. St. 306, 326; *People* v. *Potter,* 47 N. Y. 375, 379; *Bell* v. *Mayor, etc.,* 105 id. 139, 144; *Wuesthoff* v. *G. L. Ins. Co.,* 107 id. 580, 590; *Delafield* v. *Brady,* 108 id. 524, 529; *People* v. *Angle,* 109 id. 564, 568.) Clerical inadvertence is no excuse for a failure to comply with a requirement of statute. (*Hardman* v. *Sage,* 124 N.

Y. 25; *Brown* v. *Smith*, 13 Hun, 408; 80 N. Y. 650; *Whit-ney* v. *Cammann*, 137 id. 342; *Buckley* v. *Whitcomb*, 121 id. 107.) The fact that no action was brought upon the debts sued on within two years after the debts became due, does not bar this action. (Laws of 1875, chap. 611, § 2; *Shellington* v. *Howland*, 53 N. Y. 371, 374; *Kincaid* v. *Dwinelle*, 59 id. 548; *Hardman* v. *Sage*, 124 id. 25; *Hunting* v. *Blun*, 143 id. 511; *Hirschfeld* v. *Bopp*, 145 id. 8; *Knox* v. *Baldwin*, 80 id. 610.)

BARTLETT, J. The legal questions presented in this case arise on demurrers interposed by the plaintiff to parts of the defendant's answer for insufficiency.

The demurrers have been sustained below and the defendant appeals to this court upon the certificate of the General Term.

The defendant is sued as a stockholder of the New York Advertising Agency, Limited, a corporation organized under the Business Act of 1875, to recover debts due plaintiff for services rendered on the ground that a certificate of the full payment of the capital stock was not filed in the clerk's office of the city and county of New York.

Two demurrers were interposed, one to the eighth paragraph and the other to the tenth paragraph of the answer.

The eighth paragraph alleges, in substance, that the capital stock of said corporation was, in fact, fully paid in; that the certificate of payment required by the statute was executed and filed in the secretary of state's office at Albany; denies any knowledge whether said certificate was not filed in the New York county clerk's office, but alleges that if not it was owing to clerical inadvertence, and that it has since been duly filed in that office.

The tenth paragraph alleges, in substance, that no action on the debt alleged in the complaint was brought against the corporation, or this defendant, or any person within two years after it became due.

It was admitted on the argument, under the decisions of this court, that the corporation had been dissolved during the two years after the debts became due and that a preliminary suit against the corporation was not necessary. (*Shellington* v. *Howland,* 53 N. Y. 371; *Kincaid* v. *Dwinelle,* 59 id. 548; *Hardman* v. *Sage,* 124 id. 25; *Hunting* v. *Blun,* 143 id. 511; *Hirshfeld* v. *Bopp,* 145 id. 84.)

In the view we take of this case it is unnecessary to examine many of the questions raised by the briefs and argued by counsel.

The plaintiff's claim rests on the following facts, viz. :

The Business Act of 1875 (Laws of 1875, ch. 611) prescribes in section 37 the liability of stockholders. The material portions of that section are as follows:

" In limited liability companies all the stockholders shall be severally individually liable to the creditors of the company in which they are stockholders, to an amount equal to the amount of stock held by them respectively, for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company has been paid in and a certificate thereof has been made and recorded as hereinafter prescribed. *   *   * The directors of every such company, within thirty days after the payment of the last installment of the capital stock, shall make a certificate stating the amount of the capital so paid in, which certificate shall be signed and sworn to by the president and a majority of the directors; and they shall, within the said thirty days, record the same in the office of the secretary of state, and *of the county* in which the principal business office of such corporation is situated."

It will be observed that this section, read literally, requires the certificate to be filed in the office of the secretary of state, and, also, either in the office of the county or of the secretary of the county.

The New York Advertising Agency, Limited, was organized as a corporation May 3d, 1887; its entire capital stock was paid in December 31st, 1888, within the period provided

by law; a certificate setting forth that fact was filed in the office of the secretary of state January 18th, 1889, also within the period provided by law.

This action was not begun until July, 1893, and it is admitted that the certificate of payment of stock was not filed in the clerk's office of the city and county of New York until after that time.

This case will be considered as if this last filing of the certificate had been omitted.

The plaintiff seeks to recover of the defendant a debt due from the corporation, notwithstanding the fact that four years and a half before he commenced his action the entire capital stock of the company had actually been paid in and a certificate announcing that fact filed in the office of the secretary of state, he insisting that it was the defendant's duty to have construed the defective provisions of the statute, already adverted to, as requiring a certificate of paid-up stock to be filed in the office of the clerk of the city and county of New York.

It is upon this single, technical point the plaintiff rests his right to recover.

The object of the statute was to protect persons giving credit to the corporation by requiring its capital to be paid in promptly and the fact announced to the world by a certificate filed in a public office.

In the case at bar it must be presumed that the plaintiff was aware of the defective section, which was supposed to protect his rights as a creditor of the corporation. It was, therefore, his plain duty, if he wished to ascertain the fact as to payment of capital, to have searched in the office of the secretary of state as the office of the county clerk was not designated by the statute in express terms; he would then have ascertained that the capital had been paid in and that the officers of the corporation had substantially complied with the law as it stood.

We do not intend to relax the rule which requires a corporation to comply strictly with the letter and spirit of the

statute absolving its stockholders from the common-law liability of partners, but we do hold in the case at bar that it would be a gross injustice to require this defendant to pay the debt of a corporation which had substantially complied with the provisions of a defective statute simply because he did not construe a sentence wherein the legislature had failed to express itself intelligibly.

To permit such a recovery would be to make shadow substance and allow technicality to work injustice.

The judgments of the General and Special Terms are reversed and the demurrers overruled with one bill of costs.

All concur.

Judgment accordingly.