(17 Misc. Rep. 264)

### SHULTZ et al. v. CHATFIELD et al.

(Supreme Court, Trial Term, Onondaga County. June, 1896.)

CORPORATIONS—LIABILITY OF TRUSTEE—VERIFICATION OF ANNUAL REPORT.

The president, who also performed the duties of secretary, the person elected to that office having declined to act, is not the secretary of the corporation, within the provision of the corporation law that the annual report must be verified by the president and secretary.

Action by John L. Shultz and others against Byron Chatfield and others, as trustees of the Mottville Paper Company, Limited, to enforce the liability of defendants to plaintiffs, who were creditors of the company, for failure to file annual reports of the condition of the company during the years 1892, 1893, and 1894. Judgment for plaintiffs.

Miller, Gridley & Pratt, for plaintiffs.

J. W. Wilson, for defendants.

HISCOCK, J. During the month of October, 1893, the plaintiffs, as co-partners, sold to the Mottville Paper Company, Limited, goods of the value of $69.14, which amount became due on or before November 1, 1893, and which has never been paid. During all the times mentioned herein, the defendants were trustees of said corporation. In each of the years 1892, 1893, and 1894 the defendant Chatfield was elected secretary of said corporation. Upon the occasion of the election in each of the first two years, and very likely upon the occasion of the election in the last year, he announced, in substance, that he would not accept such office or act as such secretary, and, as a matter of fact, he never did act as such officer or discharge the duties of such office. During all of this time, one Brown was the president of said corporation, and practically the sole manager of its affairs. The trustees of said corporation did not take any action based upon the refusal of said Chatfield to accept the office of and act as secretary. They never in any manner accepted his declination, or rescinded his election, or selected any other person as secretary in his place; but said Brown, in connection with the discharge of his other duties, did do whatever work there was pertaining to said office of secretary. I do not regard it as material to determine whether, as claimed by plaintiffs, there was some sort of an understanding between Chatfield and Brown that, if the former would allow himself to be elected as secretary from year to year, the latter would perform the duties of that office for him; for, whether Chatfield is or is not to be regarded as having been secretary of said company during said years, it seems to me quite clear that Brown was not such secretary, within the meaning of the statute under consideration in this case. As above suggested, he was

never in any manner elected or appointed secretary of said company in the place of said Chatfield. He was never in any manner, so far as the evidence discloses, either by the parties interested in the corporation or otherwise, known, treated, or designated as secretary, either permanent or temporary. He simply discharged the clerical duties of said office, if there were any, as a clerk might discharge them for some other person who was the secretary of the company, or as any person might discharge them in the case of a vacancy in the office. In the month of January in each of the years 1892, 1893, and 1894, the directors of the corporation made and properly filed a statement of the condition of said corporation. There was no dispute that the statement proper as prepared was in correct form, or that it was subscribed by a majority of the directors. The question, as above suggested, arises upon the sufficiency of the verification of said reports. These respective verifications are in substantially the same form, and in each case purport to be made by J. W. Brown, as the president of the corporation. Plaintiffs urge that such verification was not a sufficient or proper compliance with the provisions of the statute in force at the time said reports were made, requiring that the same should be verified by the president and secretary or treasurer. The defendants insist that, upon the facts in this case, Brown was the secretary of the corporation, and that, therefore, such verification was a sufficient compliance with such provisions.

As above indicated, I do not think that, upon all of the facts in this case, it is shown that Brown was so secretary of said corporation as to enable him to make the verification called for by the statute as secretary. He certainly was never in any formal manner appointed or elected secretary. Even if it should be found upon defendants' theory that Chatfield never did become secretary of said corporation during said years, Brown was not in any manner elected or selected to fill the vacancy. He held the office of president, and, as matter of fact, he had almost the sole management of the affairs of the corporation; and the mere fact that, in connection with the other duties, he may have discharged some of the duties pertaining to the office of secretary, would not be sufficient to make him such officer de facto, as claimed by defendants. If, in addition to performing the duties of the office, the corporation and its officers had elected at the time to treat the office as vacant so far as Chatfield was concerned, and to treat and regard Brown as its secretary, a different question might be presented.

I think there is still another difficulty with defendants' theory of this case, and that, even if the court had found that Brown was secretary of the corporation, the reports in question would not be sufficient or a proper compliance with the statutes in force. Those statutes required that the verification should be made by certain officers, naming them. Those officers were doubtless selected as the ones most apt to know about the affairs of the corporation, and whose verification would be regarded as reliable. The object of the statute doubtless was, not only to require that a statement

should be made and filed by the proper officers of the corporation, but also that such statement upon its face should bear the stamp of authenticity and reliability.   To secure this latter qualification, it would be necessary, not only that the reports should be, as matter of fact, made by the proper officers, but also that they should show upon their face that they were so made.   Creditors and other persons designed to be protected by these annual reports would gain little benefit from them if they did not show upon their face by whom they were made, even though in fact they may have been made by the proper persons.

The reports which are assailed in this case purport to be verified only by Brown as president.   There is nothing upon their face to show that he had anything to do with or knew anything about the office of secretary.   He makes the verification simply and solely as president, and not at all as secretary; and to a stranger dealing with the company and with the reports there was nothing whatever to show that he was or claimed to be or claimed to make the report as secretary.   The wording of the verification excludes the idea that at that time, and in making it, he was claiming to act as secretary at all.   Under these circumstances, I do not think that the verification is sufficient, even though it be assumed that Brown was secretary.   If, in this case, the verification can be treated as a proper and sufficient verification by Brown, as secretary, simply because he was such secretary, and although that fact was not in any way disclosed by the report, then it would be just as proper to treat the verification as sufficient, even though he had left out of it anything to show that he was president.   I think it would not be seriously contended that an affidavit simply made by J. W. Brown, not showing that he was any officer whatever of the company, would be held a compliance with the statute; and yet, as suggested, if the verification in question can be treated as made by him as secretary, without that fact being stated at all, then it would be just as proper to go one step further, and hold that the verification would be a sufficient verification by him as president, although nothing was stated to show that he was such president.   The case of Manufacturing Co. v. Connell, 88 Hun, 254, 34 N. Y. Supp. 717, cited by defendants, not only is not in conflict with the foregoing views, but seems rather to sustain them.   That case held that, where one person held two of the offices designated by the statute, he need not make two separate verifications, one for each office, but might combine the verification in behalf of each office in one instrument.   That certainly seems a reasonable doctrine, but in that case the officer making the verification explicitly stated therein and showed upon the face thereof that he did make it as the incumbent of each office, thereby complying with the statute.   The foregoing views lead me to the conclusion that plaintiffs should have judgment herein, with costs.

Judgment for plaintiffs, with costs.