(20 App. Div. 548.)

## NOBLE v. EULER.

(Supreme Court, Appellate Division, Second Department. October 5, 1897.)

CORPORATIONS—ANNUAL REPORTS—VERIFICATION.

     Laws 1892, c. 688, § 30, relating to annual reports of certain corporations, requires, among other things, that they shall be verified "by the oath of the president or vice president and treasurer or secretary"; and for failure to make and file the same imposes personal liability for debts upon the directors. *Held* that, if the office of treasurer and secretary is vacant, and the president is exercising the duties and functions thereof pursuant to the by-laws, the signature of the report by him alone, although it refers only to his office of president, is a substantial compliance with the statute.

Appeal from judgment on report of referee.

Action by Herbert Noble, as assignee for the benefit of creditors of Sumalt & Jones, against Henry C. Euler. From a judgment in favor of defendant on report of a referee, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William H. Page, Jr., and Edward J. Gavegan, for appellant.

Jesse Johnson and Bernard J. Isecke, for respondent.

PER CURIAM. This action was brought to charge the defendant with liability, as a director of the F. J. Kaldenberg Company, for a debt of that corporation on account of its failure to file the annual report required by section 30 of the stock corporation law (Laws 1892, c. 688). The corporation did file a report in the proper offices within the time prescribed by the statute; but the plaintiff contends that this document is to be deemed a nullity, because it was verified by the oath of the president only, and not also by that of the treasurer or secretary. The office of treasurer and secretary of the F. J. Kaldenberg Company was vacant at the time when the report was made, in January, 1892, by reason of the resignation of the treasurer and secretary in the month of November, 1891. Although this resignation was not formally accepted until February, 1892, the referee correctly held that it became effective when tendered in the previous November. It also appeared that after the resignation, and at the time when the annual report was made and filed, the president of the corporation exercised and discharged the duties and functions of treasurer and secretary pursuant to the by-laws. When the report was made, therefore, the person who verified it was to all intents and purposes the president, secretary, and treasurer of the F. J. Kaldenberg Company, and the single verification by him, although it referred only to his office as president, was a substantial compliance with the requirements of the stock corporation law that such report should be "verified by the oath of the president or vice president and treasurer or secretary." This is the result reached by the learned referee, whose reasoning is so convincing, and whose conclusions are so fully sustained by the authorities which he cites, that we are quite content to base our affirmance of the judgment upon his opinion on this branch of the case. We do not deem it necessary to decide the question, which he also discusses, as to the application of the statute of limitations.

Judgment affirmed, with costs.