## INTERNATIONAL BANK OF ST. LOUIS v. FABER.

(Circuit Court of Appeals, Second Circuit. March 3, 1898.)

No. 66.

1. CORPORATIONS—REPORTS TO STATE OFFICERS—JURAT.

When the report filed by a corporation, pursuant to section 30 of the New York stock corporation law, is signed by the proper officers, and verified by their oath, the fact that the jurat itself is not signed by them does not make the report defective, so as to make the officers and directors personally liable for corporate debts. 79 Fed. 919, affirmed.

2. SAME—NUMBER OF DIRECTORS SIGNING.

Where the number of directors has been reduced by a change in the by-laws, the signing of the report by a majority of the reduced number is sufficient, though no certificate of the change has been filed in the proper office.

3. SAME—VACANCY IN OFFICES.

Where there is a bona fide temporary vacancy in the offices of secretary and treasurer, it is sufficient that a report, complete in all other respects, is verified only by the president, who is also discharging the duties of secretary and treasurer. 79 Fed. 919, affirmed.

4. SAME—RESIGNATION OF OFFICER.

In the absence of statutory regulations, the resignation of an officer of a corporation takes effect on his delivery of his written resignation to the president, and before acceptance thereof by the board of directors.

In Error to the Circuit Court of the United States for the Eastern District of New York.

This is a writ of error from a judgment of the circuit court for the Eastern district of New York. The action was tried and the facts were specially found by the court, a jury having been waived by written stipulation signed by the attorneys for the respective parties. The F. J. Kaldenberg Company, a corporation organized under the laws of the state of New York, and located in the county of Westchester, made five notes in December, 1892, and in January, 1893, amounting in all to $9,500, and each one of which matured in four months from its date. These notes were discounted for the benefit of the maker by the plaintiff, the International Bank of St. Louis, a banking corporation located at St. Louis, in the state of Missouri, and nothing has been paid thereon except a part of the first note. The Kaldenberg Company was dissolved by decree of the proper state court on September 21, 1893. At its incorporation it had 11 directors, but in the year 1890 the number was reduced to 7 by a change in the by-laws. It did not appear whether a certificate of this change was filed either in the office of the clerk of Westchester or in the office of the secretary of state. During the years 1892 and 1893 the defendant, Eberhard Faber, was a director of the company. In April, 1891, he was chosen by the board of directors secretary and treasurer, and in October, 1891, both orally and by a written resignation delivered to the president of the company, he resigned both offices, and thereafter ceased to act in either capacity. After his resignation no meetings of the board or of the executive committee were held until February 29, 1892, during which time the duties of secretary and treasurer, so far as they were performed, were carried on by F. J. Kaldenberg, the president of the company. His resignation was formally accepted by the company at the meeting of the board of directors held on the 29th day of February, 1892, at which meeting a quorum was present, and a new treasurer was appointed. Four directors constituted a quorum, and by the by-laws it was provided that the acts of the executive committee, of which two constituted a quorum, should have the same power and effect as the proceedings of the board of directors, when it was not in session. Three of the directors and of the executive committee were habitually present in the factory during business hours, and the defendant was habitually at his office in the city of New York. On January 29, 1892, the company duly made and filed in the offices of the secretary of state of New York and the clerk

of the county of Westchester annual reports, as required by law, which said reports complied with the statutes in all respects as to the contents thereof, and contained all the information required to be contained therein. These reports were signed by F. J. Kaldenberg, as president of the company, and by five of its directors, and were duly verified by the oath of the said Kaldenberg, president. The verification of the report filed in the office of the secretary of state was not signed by said Kaldenberg. No other reports were made or filed by the company during the month of January, 1892, or during the year 1892, or until the 31st day of January, 1893, when reports were filed by it complying in all respects with the law. The reports filed on January 29, 1892, were made and filed by the company in good faith, and in an honest endeavor to comply with the law as it understood it, and in verifying said reports Kaldenberg believed that the law only required a verification by the president. The resignation of the defendant as secretary and treasurer of the company was made in good faith, and was not made with reference to, or in contemplation of, the making and filing of reports or of the creation of the company's indebtedness to this plaintiff. By a statute of the state of New York, amended on January 14, 1892, every stock corporation, except moneyed and railroad corporations, is required to make a report annually in January, or, if doing business without the United States, before the 1st day of May, which shall state the facts designated by the statute. "Such report shall be signed by a majority of its directors, and verified by the oath of the president or the vice president and treasurer or secretary, and filed in the office of the secretary of state, and in the office of the county clerk of the county where its principal business office may be located. If such report is not so made and filed, all the directors of the corporation shall jointly and severally be personally liable for all the debts of the corporation then existing, and for all contracted before such report shall be made." The suit was brought to compel Faber to pay the amount due upon the notes, upon the ground that the report required by the statute in 1892 had not been made and filed. The circuit court entered judgment for the defendant.

Robert D. Murray, for plaintiff in error.

Benjamin F. Tracy, Francis Forbes, and Charles T. Haviland, for defendant in error.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge (after stating the facts). The plaintiff bases the allegation that the company did not make the report required by the statute upon three alleged defects:

1. Because the verification of the paper was not signed by the president. It is not denied that he took the oath, and that the magistrate certified to that fact, but it is said that he should have signed an oath. This criticism is frivolous. Millius v. Shafer, 3 Denio, 60; Jackson v. Virgil, 3 Johns. 540; Bonnell v. Griswold, 80 N. Y. 128.

2. Because the report was not signed by six directors. The company originally had 11 directors, but in 1890 reduced the number to 7 by a change in the by-laws, and thereafter chose only that number. Whether a certificate of the change was filed in the appropriate offices in Westchester county and at Albany is not known, but the actual number of directors who constituted the board was 7. The technical objection to the validity of a corporation's report, which was filed under a similar statute, was treated by Chief Justice Ruger in Wallace v. Walsh, 125 N. Y. 26, 25 N. E. 1076, at length, and with more patient deliberation than one would now think it was entitled to receive. He said:

"Where a board of trustees, in part authorized by the corporation, and having possession of its property and franchises and undisputed control in the management of its affairs, has filed and published within the time limited the report re-

quired by the statute, certified by a majority of such board, and verified by the president, it has, we think, complied with the letter and spirit of the law."

No argument is needed in support of this conclusion.

3. Because the papers were not verified by the separate oath of a treasurer or secretary in addition to verification by the president. To the obvious suggestion that there was no secretary by actual appointment, it is said that Faber was still secretary because his resignation had not been accepted, and his verification was therefore necessary. His term of office was not regulated by statute, and the manner by which a resignation must take effect had not been prescribed. Under such a state of facts, that his resignation was effective, though not accepted by the board, has been sufficiently established by the authorities. Briggs v. Spaulding, 141 U. S. 132, 11 Sup. Ct. 924; Olmsted v. Dennis, 77 N. Y. 378; Bruce v. Platt, 80 N. Y. 379; Van Amburgh v. Baker, 81 N. Y. 46.

The remaining point in the case is this: Was the report, containing all the information required by the statute, signed and verified by the president, who also acted, though not by vote of the board, as secretary and treasurer, and signed by a majority of the board of directors, all acting in good faith, a substantial compliance with the statute, there being, temporarily, no secretary or treasurer? The uniform course of decisions of the highest court of the state of New York has been not to give a harsh construction of this statute against persons who are sought to be brought within its penal provisions. Chase v. Curtis, 113 U. S. 452, 5 Sup. Ct. 554. To say that directors are liable for a part or all of the debts of an insolvent corporation, because, at the time of signing the report, an existing vacancy in the offices of secretary and treasurer had not been filled, when the report was signed by the other requisite officers and was verified by the president, who was also the acting treasurer, savors of harshness. The main and strongest reason which is given by the plaintiff in favor of the defendant's liability is as follows: The statute requires that the report should be verified by a secretary or treasurer. The directors should therefore have elected some one to the vacant office. Not having done so, they are guilty of laches, and must suffer the consequences of their neglect.

It is true, in our opinion, that the existing statute did require verification by a member of two classes of officers, if such classes existed. The president supposed that if he, as president, verified the report, the statute did not require an additional verification by another officer,—a construction which, while it may have been presented to him as of authority, is not well founded. The next step in the argument is that the directors are bound to know the law, and are guilty of negligence in not having provided the corporation with an officer who was qualified to verify the report, and cannot take advantage of the neglect to escape from liability. The circuit court did not find negligence. It found nonaction for about four months, and also found sundry facts from which it is said that laches or neglect must be inferred. It found that three of the directors and of the executive committee, two of them being the president and the vice president, were constantly at the factory during business hours. They were probably the managers of

the company's business. It found that the president discharged the duties of secretary and treasurer, so far as they were performed, and believed that it was not necessary for such an officer to verify a report. It found that in February, 1892, a new treasurer was appointed. These facts are certain, but the necessary inferences are not so certain, and different sets of conclusions may be drawn from them. It is as easy to infer that the executive officers decided to do all the work themselves for a time, or that they were unable to find a person who was disposed to accept these offices, as that they were guilty of neglect in not more promptly filling the vacancy. The inference of blameworthy neglect stands before this court as it left the circuit court,—with an absence of finding upon the subject,—and the mere fact of temporary nonaction, when the president believed that there was no necessity to act, is not sufficient to entail upon the directors the consequences of noncompliance with the statutory requirements. We have, then, a report duly made and signed in all respects, except that it was verified only by the president, who also acted as secretary and treasurer during the temporary vacancy in those offices, and the question is whether such a report was a substantial compliance with the statute. The officers seem to have followed its terms as closely as they were able to do at the time, and when in January, 1893, soon after the debt originated, they had power to do more, and to verify by the oath of a treasurer, they complied literally with the statute. Their action in January, 1892, was a substantial compliance under the existing circumstances at that time. There are two conflicting opinions in the supreme court of the state of New York upon a corresponding state of facts. The case of Shultz v. Chatfield, 17 Misc. Rep. 264, 40 N. Y. Supp. 1081, affirmed in 12 App. Div. 625, 43 N. Y. Supp. 1164, holds that the directors were liable, while in the case of Noble v. Euler, 47 N. Y. Supp. 302, 20 App. Div. 548, upon the same state of facts which exists in this case, the decision is in favor of the directors.

The judgment of the circuit court is affirmed, with costs of this court.

WALLACE, Circuit Judge. There is some room for a construction of the statute by which it is satisfied by the filing of a report verified by the president alone, or by the vice president and the treasurer, or by the secretary; but, read in the light of the previous legislation, it should probably be construed as requiring the verification to be by the president or vice president and the treasurer or secretary. Upon this construction, were it not for the decision of the state court, I should be of the opinion that there should have been a judgment for the defendant. These decisions should be followed by this court. They adopt such a liberal view of the statute as to authorize the conclusion that a verification made by the president alone, when the corporation does not have a treasurer or secretary, is a sufficient compliance with its requirements. Jones v. Butler, 146 N. Y. 55, 41 N. E. 633; Wallace v. Walsh, 125 N. Y. 26, 25 N. E. 1076; Gold v. Clyne, 134 N. Y. 262, 31 N. E. 980; Noble v. Euler, 20 App. Div. 548, 47 N. Y. Supp. 302.