(79 App. Div. 136.)

ZELTNER v. HENRY ZELTNER BREWING CO.

(Supreme Court, Appellate Division, Second Department. January 23, 1903.)

1. CORPORATIONS—DIRECTORS—RESIGNATIONS.
    The acceptance of the resignation of an officer of a corporation is not essential, in order to render it effective.

2. CORPORATIONS—RECEIVERS—RESIGNATION OF OFFICERS.
    Code Civ. Proc. § 1810, subd. 3, provides that a receiver of the property of a corporation may be appointed in an action brought by a stockholder to preserve the assets of a corporation having no officer empowered to hold the same. Section 2423 provides for the appointment of a receiver of a corporation where it is insolvent. Held, that the directors of a corporation against which an action is pending cannot, by resigning in a body, authorize the appointment of a receiver, under section 1810, but if the corporation is insolvent, so that a receiver is necessary, one may be appointed under section 2423.

3. SAME—INJUNCTION.
    Where the court had no authority to appoint a receiver for a corporation, an injunction restraining actions against the corporation was unauthorized.

Appeal fom special term, Westchester county.

Action by William H. Zeltner, individually and as executor, etc., against the Henry Zeltner Brewing Company, for the appointment of a receiver thereof. From an order denying a motion to vacate an order appointing a receiver, and enjoining the Yorkville Bank from prosecuting certain actions against the corporation, the Yorkville Bank appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Moses Weinman (Abraham Benedict, on the brief), for appellant.
Henry A. Forster (Frederick P. Forster, on the brief), for respondents.

WILLARD BARTLETT, J.  The receiver was appointed under subdivision 3 of section 1810 of the Code of Civil Procedure, which provides for a receivership in an action brought by the attorney general, "or by a stockholder, to preserve the assets of a corporation, having no officer empowered to hold the same."  The action was brought by William H. Zeltner as an individual stockholder in the Henry Zeltner Brewing Company, and as the executor of a deceased stockholder.  The complaint alleged that the condition of the business of the corporation was such that it was unable to obtain ready money to meet its obligations, and that there was great danger that, by reason of suits against it, its property would be seized and sacrificed, instead of being equitably and fairly distributed among its creditors and stockholders.  It further alleged that the officers of the corporation had determined that the property of the defendant should forthwith be placed in the hands of the court, to be administered, and that accordingly the directors and president and treasurer had resigned their offices, so that their positions were all vacant and unoccupied, and no officer existed, authorized or empowered to hold any of the assets or property of the corporation.  Upon this complaint, and affidavits in support of it, showing that all the officers of the company, except the secretary, had resigned, in order to bring the case within the letter of subdivision 3 of section 1810 of the Code of Civil Procedure, the motion for a receivership came on to be heard, and was granted, without any opposition in behalf of the corporation.  The order appointing the receiver contained an injunction restraining all creditors from proceeding to enforce any claims which they might have against the corporation.  This injunction was operative upon the Yorkville Bank, which had already commenced two actions in the supreme court against the corporation upon promissory notes amounting to $10,000; and it is this feature of the order which gave the Yorkville Bank the requisite status to move to vacate the order, and which enables it to prosecute the present appeal.  The record indicates that no answer has ever been put in in behalf of the defendant corporation, and that the receiver, ever since his appointment, on the 7th day of February, 1902, has carried on the business of the corporation secure from any interference on the part of its creditors.

The motion to vacate the receivership order was denied on the ground that no corporate action was necessary to make the resignation of the officers effective, and on the authority of the special term decision in Smith v. Danzig, 64 How. Prac. 320, 330, in which Mr. Justice Pratt expressed the opinion that the directors of a corporation might properly resign for the purpose of securing a fair and equal distribution of the corporate property among its creditors.  While the general proposition is undoubtedly true that the acceptance of a resignation is ordinarily not essential to its effectiveness (Noble v. Euler, 20 App. Div. 548, 47 N. Y. Supp. 302), it does not follow that the officers of an incorporated organization can devest themselves of all authority over its property, and all obligation to care for that property, simply by resigning in a body, in order to make out a case for judicial action under the provision of the Code which has been cited.  Mr. Morawetz, in his well-known work on Corporations, says:

"It seems clear, also, that directors cannot terminate their agency or accept the resignation of others if the immediate consequence would be to leave the interests of the company without proper care and protection." 1 Mor. Priv. Corp. § 563.

This statement of the law was approved by the general term of the First department in Carnaghan v. Oil Co., 11 N. Y. Supp. 172. If such action on the part of corporate officers as has been attempted in the present case can be sanctioned by the law, the effects would be most unfortunate. It would follow that the officers of a corporation, having charge of millions of dollars worth of property, could at any time, by the simple act of resignation, relieve themselves of all responsibility for its care or protection, and leave it to become the prey of any evil-disposed persons who might seize it. We are unwilling to admit any construction which could lead to such a result. In our opinion, the wholesale resignation of the officers of the Henry Zeltner Brewing Company did not free them from the obligations which previously rested upon them in regard to the custody of that property, until other officers should be duly appointed to care therefor. They still remained officers "empowered to hold the same," within the meaning of subdivision 3 of section 1810 of the Code of Civil Procedure. The opinion of Mr. Justice Pratt to the contrary in Smith v. Danzig, supra, was evidently based upon the idea that such action should be approved because the law furnished no other remedy in the case of an insolvent corporation, whose affairs were growing worse every day, and whose remaining property was liable to be wasted, leaving the bulk of its creditors unpaid. No such reason now exists, in view of the present provisions of law relating to the voluntary dissolution of a corporation, by which provision is made, if necessary, for the immediate appointment of a temporary receiver in case the corporation is insolvent. Code Civ. Proc. § 2423. The cases in which a corporation would have no officer empowered to hold its assets, so that a suit might be brought, under subdivision 3 of section 1810 of the Code, to preserve such assets, would ordinarily be those of foreign corporations having property within this jurisdiction, but no officer authorized to hold such property here. See Wilkinson v. Construction Co., 66 How. Prac. 423, opinion by Vann, J. In the case of a domestic corporation, it is difficult to see how the subdivision could apply, unless upon the sudden physical incapacity or decease of all the directors in office. But however this may be, we are of opinion that the resignations in the present case did not deprive the directors of their authority over the corporate property, or release them from the obligation to care for the same until their successors should be duly chosen. They could not lawfully, by the expedient of resigning in a body, enable a stockholder who otherwise could not maintain an action for the purpose to institute a suit for the dissolution of the corporation, or procure a receivership to carry on the business indefinitely for his benefit, and in the meantime hold off the claims of creditors having valid demands against the company's assets.

Although the order under review, so far as it appoints a temporary receiver, affects the present appellant only indirectly, it has been necessary to consider the validity of that portion of the order, as bearing

upon the part containing the injunction, which does affect the York-ville Bank in common with all other creditors. As was held by Judge Vann in Wilkinson v. Construction Co., supra, where the jurisdiction exists to appoint a receiver, under subdivision 3 of section 1810 of the Code of Civil Procedure, in an action brought by a stockholder to preserve the assets of a corporation, the court, in the exercise of its inherent power, may by a general order restrain all creditors from commencing or prosecuting suits against the corporation of whose property the court, through its officers, has taken possession for the benefit of all. Conversely, no authority to grant such a general re-straining order exists where there is no jurisdiction to appoint the receiver. Such, we think, is the case here.

The order appealed from should be reversed with $10 costs and dis-bursements, and the order appointing the receiver should be modified so as to relieve the Yorkville Bank from the operation of the injunc-tion or stay contained therein, and permit said bank to prosecute its claims against the Henry Zeltner Brewing Company to judgment, and to enforce any judgments it may obtain against the property in the hands of the receiver. All concur.