YORKVILLE BANK, Respondent, *v.* THE HENRY ZELTNER BREWING COMPANY, Defendant.

WILLIAM B. SUTHERLAND, as Temporary Receiver of the Property of THE HENRY ZELTNER BREWING COMPANY, Appellant. (Action No. 1.)

*Resignation of all the officers and directors of a corporation — appointment of a receiver — service of a summons upon the president after his resignation — it does not give jurisdiction over the corporation — the receiver may move to vacate a judgment entered upon such service.*

After all the officers and directors of a corporation had resigned, an order was made under subdivision 3 of section 1810 of the Code of Civil Procedure, appointing a receiver of the property of the corporation upon the ground that it had no officer authorized to hold its assets. The order contained a clause restraining the creditors of the corporation from taking any further proceedings to recover claims.

Upon a motion by a creditor of the corporation, who had brought an action to recover on a promissory note which was pending at the time the order appointing the receiver was granted, to vacate such order, the Appellate Division held that the resignations of the officers of the corporation did not free them from the obligation which previously rested upon them in regard to the custody

of the corporate property until other officers should be duly appointed to care therefor; that they still remained officers empowered to hold the corporate property within the meaning of subdivision 3 of section 1810 of the Code of Civil Procedure. It accordingly modified the order appointing the receiver so as to relieve the moving creditor from the operation of the injunction contained therein.

After the moving creditor had entered judgment against the corporation by default, the receiver made a motion to vacate such judgment upon the ground that there had been no service of process upon the defendant corporation. Upon this point it appeared that the summons and complaint in the action were served upon the president of the corporation three days after he had resigned both as president and director.

*Held*, that such service conferred no jurisdiction upon the court to proceed against the corporation;

That the order appointing the receiver was valid except to the extent that it had been modified by the Appellate Division, and that the receiver had authority to move to vacate the judgment obtained by the moving creditor.

APPEAL by William B. Sutherland, as temporary receiver of the property of The Henry Zeltner Brewing Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of February, 1903, denying the receiver's motion to vacate and set aside a judgment theretofore entered in this action, the execution issued thereon and the levy made under said execution.

*Henry A. Forster*, for the appellant.

*Moses Weinman*, for the respondent.

INGRAHAM, J.:

The plaintiff commenced this action to recover the amount due on a promissory note made by the defendant corporation and indorsed by the other defendants. The summons and complaint were alleged to have been served upon the defendant by delivering copies thereof, and leaving the same with William H. Zeltner, as president of the corporation, on the 4th day of February, 1902. On February 1, 1902, three days before this alleged service, William H. Zeltner executed the following instrument:

"I hereby resign my office as president of the Henry Zeltner Brewing Company, my resignation to take effect this first day of February, 1902.

"WILLIAM H. ZELTNER."

At the same time he also resigned as a director of the corporation.

On February 5, 1902, an action was commenced by William H. Zeltner individually and as executor of the last will and testament of Henry Zeltner, deceased, against the Henry Zeltner Brewing Company. It was alleged in the complaint that the plaintiff was a stockholder of the defendant corporation ; that the corporation was insolvent and unable to pay its existing debts and obligations ; that the directors and the president and treasurer of said defendant had resigned their offices severally, individually and respectively, which resignations had already taken effect, so that the positions of said officers and the directorships in said corporation were in fact each and all vacant and unoccupied, and that no other officer or director, or board of directors, remained or existed, authorized or empowered to hold any of the assets and property of said defendant; and asking for the appointment of a receiver to preserve the property of the corporation ; and an order to show cause was granted requiring the defendant and the Attorney-General to show cause at a Special Term of the Supreme Court in the county of Westchester on the 7th day of February, 1902, why a receiver of the property of the corporation should not be appointed under section 1810 of the Code of Civil Procedure. This motion coming on to be heard, no one appearing on behalf of the Attorney-General, and counsel for the defendant corporation not opposing, William B. Sutherland was appointed receiver " of the property, both real and personal, stock, franchises, contracts, things in action, assets and effects of every kind and nature of the said defendant corporation." This order was entered on the 7th day of February, 1902, and contained an injunction restraining the creditors of the corporation from beginning any action or proceeding against the said corporation for the recovery of a sum of money or from taking any further proceedings in any such action or proceeding theretofore commenced.

Subsequently the plaintiff in this action, as a creditor of the defendant corporation, applied to the Supreme Court to vacate and set aside the order appointing the receiver, and for leave to enter judgment in its action against the defendants, and to issue execution against the property of the defendants. That motion was denied by the Special Term, whereupon the plaintiff in this action appealed to the Appellate Division in the second department, where the order

denying this motion was reversed, and the order appointing the receiver modified so as to relieve the Yorkville Bank from the operation of the injunction contained therein, and to permit said bank to prosecute its claims, and to enforce any judgment obtained against the property in the hands of the receiver.   Mr. Justice BARTLETT, in delivering the opinion of the Appellate Division, *Zeltner* v. *Zeltner Brewing Co.* (79 App. Div. 136), recognized the general proposition that the acceptance of a resignation is ordinarily not essential to its effectiveness, citing *Noble* v. *Euler* (20 App. Div. 549), which sustains that proposition, holding, however, that the resignations of the officers of the defendant corporation did not free them from the obligation which previously rested upon them in regard to the custody of that property until other officers should be duly appointed to care therefor; that they still remained officers empowered to hold the same within the meaning of subdivision 3 of section 1810 of the Code of Civil Procedure. The court did not intimate that the order appointing the receiver was void, but that under such circumstances the order so far as it enjoined the plaintiff in this action from proceeding in its action against the corporation should be modified, and the plaintiff allowed to proceed in his action against the corporation.   The order appointing the receiver was not void.   The Supreme Court had jurisdiction to pass upon the question as to whether or not they were officers empowered to hold the assets of the corporation, and having passed upon that question and determined that a receiver should be appointed, its determination was valid until reversed, and the receiver was vested with the title to the assets of the corporation until his appointment was revoked by the court. The Appellate Division in its order did not vacate the order appointing the receiver.   Upon the plaintiff's motion as a creditor, it modified the order so far as to relieve the plaintiff from the effect of the restraining order therein contained, leaving the order appointing the receiver in other respects unaffected.   The order of the Appellate Division was entered without notice to the Attorney-General, and, so far as appears, he had no notice of the application to vacate or modify the order of February seventh appointing the receiver.   The plaintiff thus being relieved from the injunction, entered judgment against the defendant corporation on

the default of an answer or appearance by the defendant. Whereupon the receiver moved to vacate that judgment upon the ground that there had been no service of the process upon the defendant corporation. Section 431 of the Code of Civil Procedure provides that "personal service of the summons upon a defendant, being a domestic corporation, must be made by delivering a copy thereof within the State * * * to the president or other head of the corporation, the secretary or clerk to the corporation, the cashier, the treasurer or a director or managing agent." It would seem to be quite clear that there was no service of the summons and complaint upon the corporation within the provision of this section. The person who was served had been the president and a director of the corporation; but before the service of the summons upon him he had resigned as president and director thereof. At the time of the service of the summons and complaint he occupied no official position in the corporation, and the service of the summons and complaint upon him conferred no jurisdiction upon the court to proceed against the corporation. Applying the rule stated by the Appellate Division in the second department, upon the appeal from the order denying the motion to vacate the order appointing the receiver, that the resignation of the officers of the corporation did not free them from the obligation which previously rested upon them in regard to the custody of the property until other officers should be duly appointed to care therefor, the officers who had resigned were not the officers upon whom the summons and complaint could be served under section 431 of the Code which would entitle the plaintiff to enter judgment against the corporation. In *Noble* v. *Euler* (20 App. Div. 549) it was said: "Although this resignation was not formally accepted until February, 1892, the referee correctly held that it became effective when tendered in the previous November;" and it was held that a report of that corporation which the law required to be verified by the president, secretary and treasurer of the corporation was sufficient when verified by the president, as by the resignation of the secretary and treasurer those offices became vacant. If after such resignation a summons had been served upon the secretary and treasurer who had resigned, it would seem to be clear that that service would not be a service of process upon the corporation. So in this case the service of process upon the person

who had been president and a director of the corporation but who had resigned, was not sufficient to justify the entry of judgment against the corporation.

The only remaining question is whether this receiver could move to vacate the judgment. By the order appointing him receiver he was vested with the assets of the corporation. It was thus his duty to protect such assets and hold the same subject to the order of the court. Under this order he was authorized to move to vacate a judgment which upon its face gave the plaintiff a right to issue an execution against the property of the corporation in his hands when such a judgment had been entered without authority and was void. I think, therefore, the motion should have been granted.

The further question, whether this order of the Appellate Division in the second department could affect this receiver, as it was made without notice to the Attorney-General, and as no copy of either the motion papers upon the motion to vacate the order appointing the receiver or of the proposed order of the Appellate Division to be entered upon that motion was served upon him, is presented. The order appointing the receiver having been made upon notice to the Attorney-General, he was clearly entitled to notice of all applications to modify or vacate that order. But, as we think that the judgment entered against the defendant was improperly entered because the court obtained no jurisdiction over the defendant, and that the receiver of the corporation had a right to move to vacate that judgment, it is not necessary to pass upon the effect of the failure to give notice to the Attorney-General.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to vacate the judgment granted, with ten dollars costs.

Van Brunt, P. J., McLaughlin, Hatch and Laughlin, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.