(85 App. Div. 387.)

### ZELTNER v. HENRY ZELTNER BREWING CO. et al.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. JUDGMENTS—VACATION—MOTION—HEARING—PAPERS NOT IN RECORD.

On motion to vacate a judgment against defendant corporation it appeared that the only service of summons was on a person who had been president of the corporation, but had resigned before such service. On a similar motion the court in a different department refused to vacate a judgment against the same corporation on the ground that it appeared that the resignation was made in bad faith, with a view to throwing the company into the hands of a receiver, which decision was affirmed by the Court of Appeals. No such fact was made to appear at the hearing

of this motion, nor was the record which had been presented to the Court of Appeals presented on the hearing, or served upon defendant. *Held*, that the trial court could not go outside the papers used on the hearing, and of his own motion consider other papers not presented as a basis for denying the motion.

Appeal from Special Term, New York County.

Action by Emma M. Zeltner against the Henry Zeltner Brewing Company and William B. Sutherland, as temporary receiver of its property. A judgment was rendered for plaintiff, which defendant receiver moved to vacate. From an order denying the motion, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Henry A. Forster, for appellant receiver.

J. C. Julius Langbein, for respondent.

O'BRIEN, J. The receiver of the defendant corporation moved to vacate and set aside a judgment herein on the ground that the summons and complaint have never been served on the defendant corporation. It appeared that the summons was served on a person who had been president, but such service was made after he had resigned. In Yorkville Bank v. Zeltner Brewing Company, 80 App. Div. 578, 80 N. Y. Supp. 839, where the same facts appeared, this court held that such a service was bad, and did not confer jurisdiction, and accordingly vacated the judgment. Upon this question of service, therefore, as the same facts are here made to appear, and this court thus decided the precise question involved, this would be conclusive upon the disposition to be made were it not that we are to inquire into the reasons which induced the learned judge at Special Term to depart from that decision.

It appears that in a proceeding brought in the Second Department to vacate a judgment the good faith of the resignation of the president of the defendant corporation and the reasons which brought it about were presented for the consideration of the court. Zeltner v. Zeltner Brewing Co., 79 App. Div. 136, 80 N. Y. Supp. 338. It having been found that the resignation was made with a view to throwing the company into the hands of a receiver, and was made in bad faith, the court held that it was not effective, and that, notwithstanding such resignation, the president of the corporation was not relieved from the obligation of performing his duties as president, nor was he relieved thereby from his office as president; and the service upon him, though made after the alleged resignation, was good. Upon appeal in that case to the Court of Appeals upon a question certified that court was asked: "Were the resignations of the officers and directors (excepting the secretary) of the Henry Zeltner Brewing Company for the purpose of enabling this action to be brought and a receiver of the property of the corporation to be appointed, legal or effective?" This question was answered in the negative, the court holding (Zeltner v. Zeltner Brewing Company, 174 N. Y. 247, 66 N. E. 810) that such resignations are neither legal nor effective, since the statute was never designed to permit the offi-

cers of a corporation to abandon their posts of duty and abdicate
their official functions for the express purpose of shifting their bur-
dens to the shoulders of the court. The learned judge writing the
opinion in that case said:

"We may admit for the purposes of this discussion that, as a general rule,
such officers may resign at will, and that the validity of such resignations
does not depend upon their formal acceptance."

Were the same facts presented in this record, so that it was made
to appear that the object and purpose of the resignation was to se-
cure the appointment of a receiver, and therefore that it was in bad
faith, it would be our duty to follow the decision of the Court of
Appeals in that case. The record before us, however, is barren of
any facts from which any such conclusion could be drawn. We
have merely the papers upon which the motion to vacate the judg-
ment was made, showing the resignation of the president prior to
the service upon him of the summons, and embodying the opinion
of the Appellate Division in the Second Department and of the
Court of Appeals in the case to which we have referred. The learned
judge at Special Term assumed that he had the right to consider
the entire record which had been presented to the Court of Appeals
in that case (Zeltner v. Zeltner Brewing Co., supra), although no
such record was presented on the hearing of the motion made, nor
was such record or proof of the facts or allegations therein con-
tained bearing upon the nature of the resignation ever served upon
the receiver, and the receiver was in no way given an opportunity
to meet or answer such record or proof. This practice, we think,
cannot be sustained. No doubt the same facts appearing in the
record in the Court of Appeals could have been presented, tending
to show that the resignation of the president was made in bad faith,
and for an improper and illegal purpose; but to avail of them they
should have been presented when the motion was made at the Spe-
cial Term. We do not think that there is any practice which would
sanction the court's determining the motion upon facts which ap-
peared in a record, or in papers not presented upon the motion.
If it was proposed to show that the resignation was colorable, or in
bad faith, or for an improper or illegal purpose, it was entirely compe-
tent for the plaintiff, in answer to the motion to vacate the judg-
ment, to show such facts, and to that end undoubtedly he could have
resorted to the record in the Court of Appeals, or presented other-
wise the same facts as were therein established, and upon which that
court based its decision. We think, however, that it was improper
for the learned judge at Special Term to go outside the papers used
upon the hearing, and, of his own motion, determine that he would
consider other and different papers not presented to him, and which
he concluded were sufficient to justify his denying the application.

In Chapuis v. Long, 77 App. Div. 273, 78 N. Y. Supp. 1046, it was
said:

"We have on several occasions lately called attention to this practice,
which we think is bad, and should not be encouraged, of permitting in sup-
port of a motion affidavits to be read and received which have not been
served, and which the person against whom they are used has had no op-
portunity of answering."

The practice here followed goes one step further, and, if sanctioned, would permit the court, without notice to the parties, to decide the motion upon papers which were neither presented nor used upon the hearing, and which formed part of a record in an entirely different and distinct litigation.

We think that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.